THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JIMMY E. BARKER, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. STEVEN MILLER, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOHN McCUTCHEON, Appellee.

*Opinion filed November 27, 1974.*

No. 46238.—Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of McLean County; the Hon. Wayne C. Townley, Judge, presiding.

No. 46239.—Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of McLean County; the Hon. Wayne C. Townley, Judge, presiding.

No. 46240.—Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of Livingston County; the Hon. George Kay, Judge, presiding.

William J. Scott, Attorney General, of Springfield, Paul R. Welch, State's Attorney, of Bloomington, and John Satter, State's Attorney, of Pontiac (James B. Zagel,

Assistant Attorney General, of Chicago, John A. Beyer, Assistant State's Attorney, of Pontiac, and Michael Prall, Circuit Attorney Project, of Bloomington, of counsel), for the People.

Richard J. Wilson, Deputy Defender, and Daniel D. Yuhas, Assistant Appellate Defender, Office of State Appellate Defender, of Springfield, for appellees.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

We allowed leave to appeal in these cases in which each defendant made a motion for summary disposition after the record had been filed in the Fourth District Appellate Court, but before any briefs had been filed. In each case, the court granted the motion. An order was entered in each of the cases but no opinion was written.

The three cases that are before us present differing situations. As to two of them (Jimmy Eugene Barker and Steven Miller), the question involved is the duration of imprisonment. In both of these cases the defendants, if their contentions were sustained, were eligible for consideration for parole. In each of these cases the appellate court entered an order which provided for the issuance of an amended *mittimus* reflecting sentence credit for time served on probation. The third case (John McCutcheon), involved an alleged violation of Supreme Court Rule 402 in connection with the acceptance of a plea of guilty. In this case the appellate court vacated the judgment of conviction, set aside the defendant's guilty plea and remanded the cause to allow the defendant to plead anew.

The State does not question the merits of the issues raised by the defendants in their motions for summary disposition. It argues only that the procedure used was improper, contending that the appellate courts have no authority to grant motions for summary disposition, and in the alternative, if the appellate courts do have the

authority, the procedure is unfair and improper.

Section 16 of article VI of the Constitution, which deals with the administration of the judicial system, states: "The Supreme Court shall provide by rule for expeditious and inexpensive appeals." There is no supreme court rule which deals directly with the authority of an appellate court to decide cases upon motions for summary disposition. There are, however, two rules that bear tangentially upon the problem. Rule 23 (50 Ill.2d R. 23) provides that an appellate court may use signed memorandum opinions in affirming judgments in certain specifically described situations. It may do so only when it has determined (1) that no error of law appears, (2) that an opinion would have no precedential value and (3) that any one or more of four enumerated circumstances exists and is dispositive of the case. The last sentence of Rule 23 states:

> "In the memorandum opinion the Appellate Court shall state at least the following: the court from which the appeal comes; the nature of the proceedings below, *i.e.*, bench trial, jury trial, administrative review, *etc.*; the nature of the case, *e.g.*, personal injury or contract suit; and such other matters as in the judgment of the court are necessary for an understanding of the case; and shall thereupon, with a minimum of discussion, affirm, indicating that the affirmance is in compliance with this rule."

From this rule it appears that an appellate court must prepare a formal opinion whenever it reverses a judgment or whenever the case does not fall within the conditions of Rule 23. The existence of this requirement strongly implies that an appellate court may not summarily dispose of a case on the merits by written order without the benefit of briefs or oral argument.

Rule 302(c) (50 Ill.2d R. 302(c)) provides:

> "(c) *Summary Disposition.* The Supreme Court, after the briefs have been filed, may dispose of any case without oral argument or opinion if no substantial question is presented or if jurisdiction is lacking."

The presence of an express rule concerning summary

dispositions in the supreme court, coupled with the absence of any similar rule relating to appellate courts, rather clearly implies that the appellate courts have no such authority.

The defendants have argued that the supreme court has in the past summarily disposed of cases on motions without requiring briefs or oral argument. It is true that in *People v. Boyer* (1974), Gen. No. 46619, and *People v. Wilson* (1974), Misc. No. 6255 (not reported), orders granting defendants' motions were entered before briefs were filed. The orders in those cases, however, expressly state that they are entered in the exercise of the supervisory jurisdiction conferred upon the supreme court by section 16 of article VI of the Constitution. No such jurisdiction has been conferred on the appellate courts.

Section 121—11 of the Code of Criminal Procedure of 1963 provided:

> "(a) At the election of a defendant an appeal shall be heard in the reviewing court without written briefs. Election to proceed under this Section shall be made by a defendant on or before the day when his brief is due by filing with the clerk of the reviewing court and serving upon the appellee a notice of such election in the form of a concise statement of the theory of his case on appeal. The State may then file a concise statement of the theory of its case or it may file briefs.
>
> The concise statement of the theory of the case on appeal shall be contained in one typewritten copy not more than 2 pages 8 x 11½ inches in size.
>
> (b) Where an appeal is heard under this Section the reviewing court may dispose of the appeal by a summary order or by a written opinion as justice may require." Laws of 1963, at 2877.

The Committee Comments stated:

> "This section provides a new and frequently-needed procedure. The defendant may have one simple point he wants reviewed. It may be a ruling on *voir dire* examination, on the admissibility of a particular piece of evidence, on the form of the verdict, or just on the sentence. He does not want a long delay, or a complete review of the

entire proceedings. This section makes available to him a quick, simple and inexpensive method of obtaining that review. The State may either go along with a concise statement of its theory, or it may choose to file briefs. It may do either." Ill. Ann. Stat. ch. 38, sec. 121—11, at 207 (Smith-Hurd 1964).

The entire article of which section 121—11 was a part was to have become effective on January 1, 1964, but was superseded by Supreme Court Rule 27, which became effective on January 1, 1964. See Leighton, *Post-Conviction Remedies in Illinois Criminal Procedure*, 1966 U. Ill. L.F. 540, 557-8.

There are significant differences between the procedure that was contemplated by the Code of Criminal Procedure and that which was employed by the defendants and sanctioned by the appellate court in the cases now before us. The proposed statutory procedure left the decision with the State as to whether or not the matter would be submitted upon concise statements of the parties or whether the State might file a brief if it so desired. In addition, it contemplated an election by a defendant as to whether he chose to have "a complete review" of the entire case, or whether he proposed to submit the case for review upon his concise statement of the theory of his case upon appeal "without written briefs." The position of the present defendants in this court makes it clear that they do not contemplate such an election. In other words, it is their position that if their motion for summary disposition is denied, the denial of that motion "cannot be said with certainty" to constitute a definitive adjudication of the merits of the issue in question. It may be, they suggest, that "when an appellate court denies a motion for summary disposition, it does so to insure that the State would be given a full opportunity to respond to the defendant's contention through subsequent briefs."

The defendants have sought to base the authority of the appellate court to entertain and grant motions for

summary disposition upon Rule 361 of this court. (50 Ill.2d R. 361.) That is the rule which governs ordinary motions filed in both the supreme and appellate courts. It contains no specific authority with respect to the summary disposition of cases without the filing of briefs. Indeed, as has been pointed out, the inferences that flow from Rule 23, dealing with memorandum opinions on the part of the appellate court, and from Rule 302(c), which authorizes summary disposition of civil cases in the supreme court only after briefs have been filed, indicate clearly that Rule 361 was not intended to grant authority to dispose of cases in advance of the filing of briefs.

The second source of authority relied upon by the defendants is section 9 of "An Act to establish appellate courts," which was approved June 2, 1877. That section provides:

> The appellate court shall be vested with all power and authority necessary to carry into complete execution all its judgments, decrees and determinations in all matters within its jurisdiction, according to the rules and principles of the common law and the law of this state." (Ill. Rev. Stat. 1973, ch. 37, par. 33.)

Apart from the fact that this statute does not by its terms purport to deal with matters that precede the entry of judgment, at the time that statute was enacted, the appellate courts derived all of their authority from it. The quoted provision is no longer necessary. Today, the appellate courts exist by virtue of section 1 of article VI of the Constitution of 1970, and no specific statutory grant of authority is necessary.

The defendants have urged the convenience and the saving of time and energy that is involved in the presentation of simple, determinative issues to a reviewing court without the necessity of full compliance with the normal appellate procedure. The court is sensitive to these considerations, and revision of the rules in order to provide

for a fair method of summary disposition is under consideration.

Because the orders of the appellate court in the three cases now before us were entered without authority, those orders are vacated and the causes are remanded to the Appellate Court, Fourth District, for further proceedings.

*Judgments vacated;*
*causes remanded.*