(Nos. 48456-57, 48516 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MICHAEL FREY, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DAVID K. MELVIN, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LATHAN CURTIS RUFFIN, Appellant.

*Opinion filed June 1, 1977.*

Michael J. Rosborough, Deputy Defender, and A. Michael Kopec, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

William J. Scott, Attorney General, of Springfield (James B. Zagel, Jayne A. Carr, and Victor M. Pilolla, Assistant Attorneys General, of Chicago, of counsel), for the People.

Michael J. Rosborough, Deputy Defender, and A. Michael Kopec, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

William J. Scott, Attorney General, of Springfield (James B. Zagel, Jayne A. Carr, and Victor M. Pilolla, Assistant Attorneys General, of Chicago, of counsel), for the People.

Stephen P. Hurley and Michael J. Rosborough, Deputy Defenders, and Ann H. Blandford and A. Michael Kopec, Assistant Defenders, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

William J. Scott, Attorney General, of Springfield (James B. Zagel, Jayne A. Carr, and Victor M. Pilolla, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE DOOLEY delivered the opinion of the court:

Defendants, Michael Frey, David K. Melvin, and Lathan C. Ruffin, were convicted on pleas of guilty in separate and unrelated proceedings. Each defendant filed a motion under Rule 604(d) (58 Ill. 2d R. 604(d)) to withdraw his plea and vacate the judgment. In each case the trial court denied the motion, defendant appealed to the Appellate Court for the Fifth District, and that court dismissed the appeal. We granted defendants' petitions for

leave to appeal, and consolidated the three appeals for argument and decision.

The critical issue in each case is the meaning to be given the clear language of Rule 604(d) that "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment" (58 Ill. 2d R. 604(d)).

Since the procedural sequence differs in each case, we describe them individually. In No. 48456 defendant, Michael Frey, entered a negotiated plea of guilty on October 14, 1975. He was adjudged guilty and convicted on October 15. The report of proceedings shows that, prior to accepting his plea, the trial judge repeatedly advised him of his right to have counsel appointed, and that he refused that offer. The report of proceedings also shows that, after sentencing, the trial court advised Frey of his right to appeal, but that prior to taking an appeal Frey would have to file a motion to withdraw his plea within a period of 30 days. Frey was also told that, if he were indigent, he would be provided with an attorney to assist him in the preparation of that motion, should he so request. No such request was made at that time.

On November 14, Frey filed, *pro se,* a notice of appeal. The notice contained a request that counsel be appointed for the appeal. On the same date the court entered an order appointing the State appellate defender to represent Frey, and directed the clerk of the court to prepare and file the record on appeal. The notice of his appointment was mailed to the appellate defender the same day.

On November 18, Frey, *pro se,* filed a verified motion to withdraw his plea of guilty. The motion represented that he had not been properly advised of the consequences of his guilty plea; that the plea was coerced by the State's Attorney and by Kenneth T. Hubler, an attorney with the

public defender's office whom Frey referred to as his court-appointed attorney; and that Hubler had failed to give Frey competent representation, in that he had, among other things, refused to make a motion for substitution of judges requested by Frey. We note that the report of proceedings shows no participation by attorney Hubler.

The motion came on for hearing on December 12, and on that date the trial judge denied it on two grounds: that Frey's plea had not been coerced, and that the motion had not been filed within 30 days.

A timely notice of appeal of that ruling was filed on behalf of Frey by the appellate defender on December 30. On March 5, 1976, the appellate court, on its own motion, dismissed the appeal, finding that Frey's motion to withdraw his plea had been made more than 30 days after his conviction.

In No. 48457 defendant, David K. Melvin, was represented by the public defender, pursuant to appointment by the trial court prior to the date when Melvin entered his negotiated plea of guilty. Judgment was entered October 15, 1975. Following sentencing, Melvin was advised that he had a right to appeal but that he first had to move to withdraw his plea within 30 days. He was also advised that at his request he would be provided counsel to assist in preparing the motion. No request was made.

On November 3 Melvin, *pro se*, filed a notice of appeal, and on November 10 the appellate defender was appointed to defend him. On November 17 Melvin, again acting *pro se,* filed a motion to withdraw his plea. Melvin's motion represented that the public defender had failed to provide adequate legal representation and that Melvin had been subjected to coercion. That motion was heard and denied on December 12. The order of the court does not appear of record, but the parties agree that the motion was denied because it was not filed within 30 days after conviction. Melvin then filed a motion for rehearing, which

was heard and denied on December 23.

Although not made a part of the record, a notice of appeal from the ruling was apparently filed on behalf of Melvin by the appellate defender. On March 18, 1976, the appellate court ordered Melvin to show cause why his appeal should not be dismissed for failure to comply with Rule 604(d), and on April 2, after Melvin filed an answer, the appeal was dismissed.

When Melvin's motion to withdraw his plea was initially denied, the court's order gave permission to him to file a motion showing good cause for his late filing. Melvin sought to do so in his motion for rehearing. In that motion Melvin alleged, "Due to the nature of his plea—the result of plea bargaining by the public defender—it could not be expected that the public defender would help in such a motion." Melvin went on to allege that he had therefore requested his brother to prepare the motion to withdraw, but that, because his brother had not been informed of the deadline for filing the motion, it was not filed on time.

In No. 48516, defendant, Lathan C. Ruffin, entered his negotiated plea of guilty on October 22, 1975, and was convicted and sentenced November 23. He was represented throughout the trial court proceedings by private counsel. Again, Ruffin was advised of the availability of appeal and of the requirement that a motion to vacate first be made within 30 days. Ruffin was also advised of his right to have counsel appointed if he was indigent.

On December 23, Ruffin, *pro se,* wrote the clerk of the trial court stating that he wished to file a notice of appeal and asking that an attorney be appointed to represent him in that connection. The clerk replied that he was unable to file a notice of appeal, since no motion to withdraw the plea had been made, and suggested that Ruffin contact the appellate defender.

A motion to withdraw the plea was filed on behalf of Ruffin by the public defender on January 25, 1976. The

motion, as amended, alleged that the plea of guilty was induced by a promise by the State's Attorney to recommend probation rather than imprisonment, and that the promise was not fulfilled. A hearing was held on February 23, at which time the motion was denied. The record does not disclose the reason for the denial, but the parties assume that it was the untimeliness of the motion.

On appeal, the appellate court, on April 9, 1976, ordered Ruffin to show cause why his appeal should not be dismissed, and, after Ruffin filed an answer, the appeal was dismissed on May 5.

Two grounds for reversal of the decisions of the appellate court are asserted here. The first, made only by Frey and Melvin, is that the notices of appeal, which were filed by each defendant within the 30-day period following his conviction, should have been treated as motions to withdraw the guilty pleas, thus satisfying Rule 604(d).

This contention is plainly untenable. The documents in question not only fail to conform to the requirement of Rule 604(d) that facts not appearing of record be supported by affidavit, but they do not request the trial court to permit withdrawal of the pleas, and request no action other than in matters relative to the appeal.

Defendants seek to support their position by *People ex rel. Palmer v. Twomey* (1973), 53 Ill. 2d 479, *People v. Brown* (1973), 54 Ill. 2d 25, and *People v. Williams* (1974), 59 Ill. 2d 243.

In *Twomey*, a *pro se* petition for a writ of *habeas corpus* had been dismissed because it alleged a deprivation of the right to counsel, a nonjurisdictional matter not appropriate for *habeas corpus*. This court held that the circuit court should have treated the petition as one for post-conviction relief, a form of relief appropriate for the constitutional claims made in the petition.

In *Twomey* the petitioner mistook the form of proceeding by which to assert his rights. Here the defendants did not file a motion seeking relief from the

trial court of any kind. They merely filed a notice of an intention to appeal. The contents of the notice are wholly inconsistent with a reading of it as a motion addressed to the court for leave to withdraw a guilty plea.

In *People v. Brown* (1973), 54 Ill. 2d 25, and *People v. Williams* (1974), 59 Ill. 2d 243, this court held that the appellate court abused its discretion in dismissing an appeal which had been filed late, without any request by defendant for an extension of time because of exceptional circumstances. The cases had already been briefed and argued. They, too, are distinguishable, since here each defendant was advised by the trial court of the necessity of filing a motion to withdraw his plea, and each was offered the assistance of appointed counsel.

As the State points out, Rule 604(d) serves a legitimate need. It insures that constitutional claims which arise *dehors* the record, such as encountered here, will be first directed to the trial court and at a time when witnesses are still available and their memories fresh. Occasions might arise where a defendant might be entitled, on proper application and a showing of good cause, to obtain an extension of time beyond the 30-day period prescribed by Rule 604(d). No such application was made in these cases.

The principal contention, one which is advanced in all three cases before us, is that the action of the appellate court in dismissing the appeals was beyond its power. Defendants rely on *People v. Barker* (1974), 59 Ill. 2d 201. In *Barker* the appellate court, after the record had been filed, but before briefs had been, rendered a decision on the merits granting relief sought by defendants. This summary disposition by the appellate court deprived the State of an opportunity to respond to defendents' claims.

At the time *Barker* was decided, Rule 23 permitted the appellate court to affirm without full opinion certain types of cases, including criminal cases where the affirmance was on the ground that "the evidence is not so

unsatisfactory as to leave a reasonable doubt as to defendant's guilt." (See 50 Ill. 2d R. 23.) Rule 23 did not authorize a disposition in the case of a reversal on the merits, a point referred to by the court in *Barker.* See 59 Ill. 2d 201, 203.

Effective July 1, 1975, Rule 23 was amended to read as follows:

> "When the appellate court determines that an opinion would have no precedential value, that no substantial question is presented, or that jurisdiction is lacking, it may dispose of the case by an order briefly stating the reasons for its decision." 58 Ill. 2d R. 23.

It is mandatory for the protection of the accused, as well as society, that courts of original and appellate jurisdiction confine themselves to their respective spheres. Matters which require fact finding based on oral and written evidence *dehors* the record are primarily within the realm of the circuit court. Appeals from a judgment of that court are the function of reviewing courts, which operate on the record of the lower court. Such contentions as are made by the defendants here should be addressed to the circuit court—the court of original jurisdiction. They could not be properly heard by a court of review. The obvious purpose of Rule 604(d) was to permit the trial court to hear such contentions as are made here. If upon a hearing their validity is shown, the plea of guilty will be withdrawn and the judgment vacated.

It is patent that the basic purpose of Rule 604(d) is to expeditiously dispose of matters beyond the record—matters which amongst others would show that a plea of guilty was not voluntarily made. The purpose of the rule would be frustrated unless appellate courts disposed of these appeals in the manner employed here. The plight of the defendants is of their own making. Each was offered the services of counsel without charge. Each rejected the offer. Each was specifically admonished by the court of the necessity of withdrawing the plea of guilty within 30

days as a prerequisite to his right of appeal. If the courts are to retain their vitality and litigation is to have some finality, acts must be accomplished within the time prescribed by law.

Defendants intimate, without actually asserting, that they were deprived of an opportunity to make adequate presentation of their position to the appellate court. Such a claim is not supported by the record. In No. 48456 defendant filed a petition to reinstate his appeal. In Nos. 48457 and 48516 defendants were given an opportunity to file an answer to the rule to show cause why their appeals should not be dismissed. None of the defendants had included these documents in the record on appeal. We cannot assume that the points urged here were not fully presented to the appellate court.

The judgment of the appellate court in each case is affirmed.

*Judgments affirmed.*