THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARK MEACHAM, Defendant-Appellant.

Third District   No. 76-292

Opinion filed August 31, 1977.—Rehearing denied November 7, 1977.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Thomas Homer, State's Attorney, of Lewistown (James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

On October 14, 1975, the defendant, Mark Meacham, was charged in 11 separate informations with the unlawful delivery of various drugs. In 10 of those informations, the deliveries were allegedly made to Dean Bacon, an employee of the Metropolitan Drug Enforcement Group (M.E.G.). The 11th involved a delivery to Jim Hill.

At the preliminary hearing, Hill testified that he was a part-time employee of the M.E.G. On cross-examination by the defendant's appointed counsel, Hill described himself as a part-time agent and stated that, although he is now paid on an hourly basis, he was originally paid for every "buy" he made.

As a result of this testimony, the defendant's attorney argued a motion to suppress, contending that, at the time of the alleged offense, Hill was an investigator for the M.E.G. paid on a contingent basis, in violation of "An Act in relation to the employment of detectives or investigators by public officials" (Ill. Rev. Stat. 1973, ch. 38, par. 201—51), which states:

> "No State, county or municipal officer, whose duty it is to investigate the commission of any crime or to prosecute persons accused of crime, shall employ any detective or investigator on a compensation basis other than that of time, and in no event shall compensation to such persons be contingent on the success of the investigation or prosecution. Evidence obtained in violation of this act shall be inadmissible in any court in this State for any purpose and any person employed in violation of this act shall be incompetent to testify in any such court as to any information or evidence acquired by him in such employment."

The defendant's attorney requested the trial court to take judicial notice of the records of other cases in which Hill testified he was an undercover agent paid on the basis of each drug buy. On the other hand, the prosecutor argued that Hill was mistaken, that he was merely a confidential source, even though he had since become a Fulton County deputy sheriff. The trial court denied the defendant's motion to suppress.

At the subsequent trial, which was based on only one of these

informations, Bacon testified that Hill was a private citizen acting as a confidential source informant and that this was Hill's capacity in the instant case. Furthermore, Hill then testified that, prior to becoming a deputy sheriff, he was an employee of the International Harvester Company and a confidential source for the multicounty enforcement group.

After all of the evidence was presented, the defendant was found guilty and was sentenced to a term of imprisonment for 3 to 9 years. Subsequent to this proceeding, and pursuant to an agreement in which the State agreed to recommend concurrent sentences of imprisonment of from 3 to 9 years on eight charges and of 1 to 3 years on the other two, the defendant entered guilty pleas in all 10 cases which were not tried. As a result of these guilty pleas, the defendant was given seven concurrent sentences of from 3 to 9 years and three concurrent sentences of from 1 to 3 years. The defendant was also advised, in the presence of his counsel, that if he wanted to appeal from these guilty pleas, a motion to withdraw the guilty pleas and vacate the judgments must first be filed. (Ill. Rev. Stat. 1975, ch. 110A, par. 605(b).) Although notices of appeal were filed by the defendant's appointed attorney for each of the 11 cases, no motions to withdraw the guilty pleas were ever filed.

■■ First, the defendant argues, in the alternative, that the State failed to rebut the defendant's prima facie showing that Hill was an investigator paid on a contingent basis in violation of "An Act in relation to the employment of detectives or investigators by public officials" (Ill. Rev. Stat. 1973, ch. 38, par. 201—51), or the appointed counsel of the defendant rendered ineffective assistance of counsel by failing to make such a prima facie showing. The State concedes that a prima facie showing was made.

We agree with the State that a prima facie showing was made. There was sufficient evidence to raise a doubt as to the standing of Hill with the M.E.G. and, therefore, as to the admissibility of any of his testimony. However, we also find that the State met its burden and rebutted defendant's prima facie showing at the suppression hearing.

Evidence obtained by any detective or investigator employed by the State, a county or a municipality, and who is compensated on the basis of the success of the investigation or prosecution, is not admissible in any court in this State for any purpose, and such person is incompetent to testify as to any evidence acquired in such employment. (Ill. Rev. Stat. 1973, ch. 38, par. 201—51.) However, contingent payments to an informer are not prohibited. (*People v. Carter* (1st Dist. 1969), 109 Ill. App. 2d 15, 248 N.E.2d 847.) Clearly, the issue raised by the motion to suppress was whether Hill was an investigator or informant.

■■ When considering a trial court ruling on the motion to suppress, a

reviewing court may look at testimony presented at the trial, even though it was received after the conclusion of the hearing on the motion to suppress. (*People v. Turner* (1st Dist. 1976), 35 Ill. App. 3d 550, 342 N.E.2d 158.) It is suggested, however, that the testimony in support of the trial court's ruling must have been given prior to the introduction of the challenged evidence. *People v. Braden* (1966), 34 Ill. 2d 516, 216 N.E.2d 808.

■■ The defendant maintains that, since Hill's testimony was contested in the motion to suppress, none of his testimony at the trial can be considered in determining the propriety of the trial court's ruling on the motion to suppress. Yet, the motion to suppress only challenged the admissibility of Hill's testimony as to what occurred. Prior to testifying to the occurrence, Hill testified about his occupation and in what capacity he served the M.E.G. at the time of the occurrence. Therefore, to this extent, Hill's testimony can be considered. Furthermore, the testimony of Hill, combined with that of Bacon, establishes that Hill was an informant, not an investigator. So, the trial court did not err in denying the defendant's motion to suppress, and the judgment, in the case which was tried in the Circuit Court of Fulton County, will be affirmed.

■■ The second issue raised by the defendant concerns whether the appointed defense counsel rendered ineffective assistance of counsel by filing notices of appeal without first filing motions to vacate the guilty plea judgments as required under Supreme Court Rule 604(d). (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).) The State, on the other hand, contends that the appeal ought to be dismissed because filing the motions to withdraw is jurisdictional.

Where the defendant fails to file a motion to withdraw guilty plea convictions within 30 days of sentencing, a reviewing court will not consider any issues which could have been raised had the motion been timely filed. (*People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46; *People v. Stojetz* (5th Dist. 1977), 46 Ill. App. 3d 205, 360 N.E.2d 1139; *People v. Bryant* (5th Dist. 1977), 45 Ill. App. 3d 428, 359 N.E.2d 888.) However, where the trial court failed to give the Rule 605(b) admonitions to the defendant, the reviewing courts have refused to dismiss the appeal because the defendant had not moved to withdraw the guilty plea conviction. (*People v. Theobald* (3d Dist. 1976), 43 Ill. App. 3d 897, 356 N.E.2d 1258; *People v. Ryant* (5th Dist. 1976), 41 Ill. App. 3d 273, 354 N.E.2d 395.) In addition, this court has recently considered an appeal involving a section 10 first offender under the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 710) even though that defendant had not moved to withdraw his guilty plea. (*People v. DuMontelle* (3d Dist. 1977), 49 Ill. App. 3d 187, 364 N.E.2d 95.) *DuMontelle* holds that a trial court which places a first offender on probation may impose the same

reasonable conditions upon the probation as a trial court would have if it were sentencing a defendant to probation under the Unified Code of Corrections. That is not to say that placing a section 10 first offender on probation is a sentence, for section 10 states, in relevant part:

> "[T]he court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon reasonable terms and conditions as it may require." (Ill. Rev. Stat. 1975, ch. 56½, par. 710.)

Section 10 is a hybrid, not a traditional sentencing situation. Because further proceedings are deferred, the section 10 defendant is "placed" on, not sentenced to, probation. As a result, Rule 604(d) cannot apply to a section 10 defendant for, under section 604(d), the motion to withdraw the guilty plea and vacate the judgment must be filed within 30 days of sentencing. Furthermore, any argument that Rule 604(d) can be applied to a section 10 defendant, becomes even more illogical when the fact that there is no judgment to vacate is considered.

■■ In the case at bar, the Rule 605(b) admonitions were given and the defendant is not a section 10 first offender. Nevertheless, another unusual circumstance exists in this case which requires that the motion to dismiss this appeal be denied. Since the failure of counsel to perfect an appeal is a denial of constitutionally effective counsel (*Cantrell v. Alabama* (5th Cir. 1977), 546 F.2d 652), the failure of the appointed counsel to file a motion to withdraw the guilty pleas and vacate the judgments is a failure to perfect the appeal and, therefore, ineffective assistance of counsel. This is especially so because counsel was present before the trial court when the Rule 605(b) admonitions were given.

■■ Lastly, the defendant argues that the trial court erred in case no. 75-CF-96 by requiring the defendant to pay $30 in restitution to the Multi-County Enforcement Group, which was the amount spent to purchase drugs from the defendant, in addition to assessing court costs against the defendant and imposing a sentence of imprisonment. The State concedes that the order of restitution was improper and should be reversed. We agree. (See *People v. Verdich* (5th Dist. 1976), 44 Ill. App. 3d 737, 358 N.E.2d 920; *People v. Ondrey* (3d Dist. 1975), 32 Ill. App. 3d 73, 335 N.E.2d 531, rev'd on other grounds (1976), 65 Ill. 2d 360, 357 N.E.2d 1160).

For these reasons, we affirm the judgment of the Circuit Court of Fulton County in case No. 75-CF-96, except that the order of restitution is reversed, while remanding the other 10 cases (Nos. 75-CF-87, 75-CF-88, 75-CF-89, 75-CF-90, 75-CF-91, 75-CF-92, 75-CF-93, 75-CF-95, 75-CF-97, 75-CF-98) for a hearing on the motions of the defendant to withdraw the guilty pleas and vacate the judgments, on the condition that the defendant files such motions within 30 days.

768

Affirmed in part, reversed in part, remanded in part on condition motions to withdraw guilty pleas and vacate the judgments are filed within 30 days.

ALLOY, P. J., and STOUDER, J., concur.