THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT SCHMIDT, Defendant-Appellant.

Fifth District   No. 77-28

Opinion filed May 8, 1978.

Michael J. Rosborough, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles V. Romani, Jr., State's Attorney, of Greenville (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE McCALLISTER delivered the opinion of the Court:

This is an appeal by defendant Robert Schmidt from judgments entered upon pleas of guilty to two charges of felony theft in the Circuit Court of Bond County. Finding that defendant failed to comply with the requirements of Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) despite adequate admonitions by the trial court, we dismiss the appeal.

On October 29, 1976, defendant appeared in court and was advised at length of his rights. Very early on in the proceedings, defendant made it clear that he did not want to be represented by an attorney and that he had made up his mind that he wanted to plead guilty to the charges against him and wanted to be sentenced to prison. Upon repeated questioning by the court, the defendant stated that he understood everything that was occurring in the courtroom, that he was of sound mind, that he had had two years of college education, that he understood precisely what the court was talking about, and that he had no further questions about any of the rights that he was waiving. The court advised the defendant of his rights to bail, retained or appointed counsel, a preliminary hearing, trial by jury, and of the presumption of innocence, the nature of the charges against him and the possible sentences.

Nevertheless, defendant waived his right to a preliminary hearing and repeated that he wanted to proceed to plead guilty to both charges without obtaining counsel. The court stated: "You strike me as a man who knows what he's doing." After the State had presented its factual basis for the pleas, the defendant stated that he was "absolutely satisfied" that the charges against him were true.

The court found that defendant had knowingly waived his rights and that the guilty pleas were voluntary, and therefore accepted the pleas and entered judgments of guilty. The defendant then stated that he wanted to waive his rights to a presentence investigation and a sentencing hearing. He stated that he thought he would be better off in prison where he could get medical attention. The court noted that it was unusual to "have a man here saying not only I plead guilty, but Judge, I feel like I ought to go behind bars," but stated that "in fact, I don't see many defendants as lucid as he appears to be here today."

After the defendant said that he "felt fine" about the State's recommended sentences of concurrent terms of one to five years with the Department of Corrections, the court imposed the recommended sentences.

The court then stated:

"* * * Next, though, Mr. Schmidt, I'm required to advise you that you have a right to file a Motion to Vacate the Pleas and Judgment of Guilty in each of these cases. To protect that right, you must file such Motion within thirty days with the Clerk of the Circuit Court. Of course, you may ask her to; or you may ask me for appointment of counsel for such purpose; and you may obtain a transcript of these proceedings for such purpose. Failure to file it, of course as I say, waives any claim of error that we have done here today. I want to make that clear. And should it be filed and allowed, of course, the case or cases would start all over from its inception. I believe that's all I have to tell you basically, Mr. Schmidt.

DEFENDANT SCHMIDT: Well, I would like to wind it all up today, if I could.

THE COURT: Well, that's it.

DEFENDANT SCHMIDT: Would I have to wait here thirty days to get—

THE COURT: No. If you wish, that is if you wanted to set the pleas aside, you have to file a Motion within thirty days."

Less than 30 days later, on November 22, 1976, the defendant filed a notice of appeal. No motion to vacate the guilty pleas as required by Supreme Court Rule 604(d) was ever filed.

In this court defendant contends that the court below failed substantially to comply with Supreme Court Rule 605(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 605(b)), and, since defendant was not represented by counsel, his failure to file a timely motion to withdraw his guilty pleas should be excused and the cause should be remanded to the trial court for proceedings consistent with Rule 604(d). We cannot agree.

■■■ As the supreme court recently made clear in *People v. Frey*, 67 Ill. 2d 77, 364 N.E.2d 46 (1977), the "clear language" of Rule 604(d) must be complied with, unless, of course, a defendant is not advised of the requirements of that rule. (See, *e.g., People v. Lundeen*, 55 Ill. App. 3d 799, 371 N.E.2d 329 (2d Dist. 1977).) A defendant does not have the option to substitute a notice of appeal for the required motion in the trial court to vacate his guilty plea. In *Frey*, the supreme court discussed at length the purpose of Rule 604(d), which discussion need not be repeated here.

■■ We do not think that the fact that defendant was not represented by counsel can have any effect on his failure to file a motion to vacate the pleas. He concedes on appeal that he was adequately admonished as to his right to counsel and that he waived that right. As in *Frey*, defendant's plight is of his own making. At numerous stages of the proceedings, he

was offered the services of appointed counsel. He was specifically admonished that to claim any error in the proceedings in trial court, he must file a motion to vacate his pleas within 30 days; that he was entitled to a transcript of the proceedings for that purpose; and that counsel could be appointed to prepare the motion for him.

It is true that the admonitions could have been more complete, in that defendant could have been told what would happen if his motion to vacate the pleas were denied. Nevertheless, had defendant complied with the admonitions that were given, his right to appeal would have been fully protected.

■■ We think that there was substantial compliance by the trial court with the requirements of Supreme Court Rule 605(b). As defendant did not comply with the requirements of Rule 604(d), this appeal must be dismissed.

Appeal dismissed.

EBERSPACHER, P. J., and KARNS, J., concur.