THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARCHIE PULLEY, Defendant-Appellant.

Fifth District No. 78-528

Opinion filed August 10, 1979.

John H. Reid, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Martin N. Ashley, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, Archie Pulley, has filed a motion to remand this cause to the Circuit Court of Madison County with directions to allow him to file a motion to withdraw his plea of guilty to robbery pursuant to Supreme

Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)). The State has filed objections to defendant's motion.

On February 7, 1978, defendant pleaded guilty to robbery. Immediately prior to the sentencing hearing held on November 9, 1978, defendant's counsel made an oral motion to withdraw the plea stating that he did not have the opportunity to prepare a written motion. No reason was given for the motion. The State objected, and the court denied the motion. After defendant was sentenced to 10 years imprisonment, the court admonished him of his rights under Supreme Court Rule 605(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 605(b)). No Rule 604(d) motion was filed. On December 4, 1978, defendant filed a pro se notice of appeal. On December 5, 1978, a notice of appeal was filed on behalf of the defendant by a deputy circuit clerk.

■ ■ Supreme Court Rule 604(d) motion to withdraw a plea of guilty and to vacate the judgment is a condition precedent to an appeal. (*People v. Stacey*, 68 Ill. 2d 261, 369 N.E.2d 1245 (1977); *People v. Kinzer*, 66 Ill. App. 3d 466, 384 N.E.2d 50 (1978).) Ordinarily the failure of the defendant to comply with the requirements of Supreme Court Rule 604(d) requires that the appeal be dismissed. (*People v. Schmidt*, 59 Ill. App. 3d 762, 375 N.E.2d 1029 (1978).) One exception to the foregoing rule is where the trial court fails to give Rule 605(b) admonitions to the defendant. (*People v. Ryant*, 41 Ill. App. 3d 273, 354 N.E.2d 395 (1976); *People v. Gramlich*, 69 Ill. App. 3d 23, 386 N.E.2d 1171 (1979); *People v. Theobald*, 43 Ill. App. 3d 897, 356 N.E.2d 1258 (1976).) Another exception to the rule is where the failure of counsel to file a Rule 604(d) motion to perfect the appeal constitutes ineffective assistance of counsel. *People v. Meacham*, 53 Ill. App. 3d 762, 368 N.E.2d 400 (1977); *People v. Kinzer*, 66 Ill. App. 3d 466, 384 N.E.2d 50 (1978).

■ In *Meacham*, defendant pleaded guilty to numerous charges. The trial court advised the defendant, in the presence of his attorney, that if he wanted to withdraw the guilty pleas, he must first file a motion to withdraw such pleas and to vacate the judgment. Although notices of appeal were filed by defendant's counsel, no motions to withdraw the guilty pleas were ever filed. In *Meacham*, the court ruled that the failure of counsel to file the appropriate motion constituted ineffective assistance of counsel, especially when counsel was present at the time the Rule 605(b) admonitions were given. In the case at bar, counsel was put on notice even before the sentencing hearing that defendant desired to withdraw his plea of guilty. Counsel was also present with defendant when the court gave the Rule 605(b) admonitions. Yet, there is nothing in the record to indicate that counsel conferred with defendant to ascertain his contentions of error (see Supreme Court Rule 604(d)), or filed a Rule 604(d) motion. Therefore, we conclude that defendant was denied

effective assistance of counsel. One distinguishing fact between *Meacham* and the case at bar is that in *Meacham*, counsel filed a notice of appeal, whereas, in the case at bar, defendant and a deputy clerk filed such notices. The foregoing is but another indication that counsel completely abandoned the defendant. For the reasons stated, this cause is remanded to the Circuit Court of Madison County with directions to allow the defendant to file a motion to withdraw his guilty plea pursuant to Supreme Court Rule 604(d). It is further ordered that different counsel be appointed to represent defendant on the motion.

Reversed; remanded with directions.

KUNCE and KASSERMAN, JJ., concur.