THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK CHOURA, Defendant-Appellant.

Fifth District    No. 79-453

Opinion filed May 27, 1980.

Robert H. Rice, of Belleville, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Martin N. Ashley and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WHITE delivered the opinion of the court:

On November 3, 1978, the defendant was indicted by the grand jury in St. Clair County, Illinois, alleging that on or about the 18th day of January 1978, the defendant committed the offense of bribery (Ill. Rev. Stat. 1977, ch. 38, par. 33—1), official misconduct (Ill. Rev. Stat. 1977, ch. 38, par. 33—3) and failure to report a bribe (Ill. Rev. Stat. 1977, ch. 38, par. 33—2). The defendant entered a not-guilty plea, demanded a trial by jury and was tried. At the close of the People's evidence, the trial judge dismissed the bribery count and the official misconduct count. The jury found the defendant guilty of failure to report a bribe. The defendant was sentenced to supervision and fined $100.

The statute in question states:

"Any public officer, public employee or juror who fails to report forthwith to the local State's Attorney any offer made to him in violation of Section 33—1 commits a Class A misdemeanor." Ill. Rev. Stat. 1977, ch. 38, par. 33—2.

The pertinent provision of the bribery statute under which the defendant was indicted states:

"A person commits bribery when:

\* \* \*

(d) He receives, retains, or agrees to accept any property \* \* \* which he is not authorized by law to accept knowing that such property \* \* \* was promised or tendered with intent to cause him to influence the performance of any act related to the employment or function of any public officer \* \* \*." Ill. Rev. Stat. 1977, ch. 38, par. 33—1.

A brief statement of the People's evidence is in order. A Frederick Gischer, in December of 1977, or early January 1978, had three traffic tickets pending in the Circuit Court of St. Clair County, Illinois. Two of these traffic tickets were for driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501), and the third one was for improper lane usage.

Some time in December 1977 or January 1978 Gischer met George Tirpak in a tavern in St. Clair County, Illinois. During the course of this meeting a discussion was had concerning the pending traffic complaints. As a result of the conversation, and some time later, Gischer gave Tirpak $400 on two different occasions.

Testimony further shows that some time around the date in the indictment, Tirpak went to the defendant's home to discuss Gischer's pending court cases with him. Defendant, at the time, was a clerk for the jury commission for the circuit court of St. Clair County, Illinois. Tirpak apparently requested the defendant to intercede on behalf of Gischer

with a member of the judiciary of the circuit court of St. Clair County concerning, according to the indictment, cause No. 77-T-031749, alleging driving while under the influence of intoxicating liquor, which was pending at that time in the circuit court.

The evidence further shows that cause No. 77-T-031749 was disposed of on January 26, 1978, by a plea of guilty to reckless driving by Mr. Gischer.

About four or five weeks later, according to the evidence, Tirpak again came to the defendant's home and requested him to intercede again on behalf of Mr. Gischer. Tirpak informed defendant it would be worth $200. At that time, the defendant refused and told Mr. Tirpak he didn't want anything else to do with Mr. Gischer's cases. Tirpak placed $200 on a table in the defendant's living room and left. Subsequently, the defendant returned to Mr. Tirpak the $200.

The defendant presented no evidence at the trial.

The defendant raises two points on appeal: (1) The constitutionality of the statute in question, and (2) he was not proven guilty beyond a reasonable doubt.

We have reviewed the record filed herein and find that an error occurred, affecting a substantial right of the defendant, that was not brought to the attention of the trial court. (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a).) Therefore, it will not be necessary to discuss the points raised on appeal.

■■ The statute in this case requires that an offer made in violation of section 33—1 be reported forthwith to the local State's Attorney. We hold the statute requires the offer to be reported to the State's Attorney in the county where the offer of a bribe took place.

The evidence is unambiguous that if an offer took place at all, it was in the living room of the defendant's home. The record is silent as to the county in which the defendant's home is located.

The only reference to the possible location of the defendant's home is in the answers to discovery filed by the People where they listed a witness before the grand jury and/or at the preliminary hearing as a Mrs. Frank Choura, 9110 Bunkum Road, Fairview Heights, Illinois. No evidence was offered to this effect at the trial.

As a general rule, criminal actions shall be tried in the county where the offense was committed. (Ill. Rev. Stat. 1977, ch. 38, par. 1—6(a); Ill. Const. 1970, art. 1, par. 8.) Venue is not jurisdictional (*People v. Ondrey* (1976), 65 Ill. 2d 360, *People v. Goulet* (1977), 52 Ill. App. 3d 609), but it is a well-established rule that the charge that a crime was committed in a particular county is a material averment and must be proved to sustain a conviction (*People v. Pride* (1959), 16 Ill. 2d 82).

■■ In the instant case, the People failed to offer proof that the crime occurred in the county alleged in the indictment; therefore, the conviction cannot stand.

Accordingly, we reverse.

JONES, P. J., and SPOMER, J., concur.