THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY NEWBOLDS, Defendant-Appellant.

Fifth District    No. 80-620

Opinion filed July 31, 1981.

John H. Reid and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Randy Patchett, State's Attorney, of Marion (Gillum Ferguson, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Defendant Anthony Newbolds appeals from a conviction and five-year prison term which he received on November 24, 1980, after pleading guilty to burglary and theft of property valued in excess of $150. The defendant filed his notice of appeal *pro se* with the circuit court on December 29, 1980, but failed to precede this notice with a motion to withdraw his guilty plea, as required by Supreme Court Rule 604(d) (Ill. Rev. Stat. 1979, ch. 110A, par. 604(d)). Appellant now asks that this court remand the cause so that he may properly perfect his appeal.

■■ A Supreme Court Rule 604(d) motion is a condition precedent to any appeal from a conviction in which a defendant pleaded guilty. (*People v. Pulley* (1979), 75 Ill. App. 3d 193, 194, 394 N.E.2d 47.) A defendant must file the motion in the trial court within 30 days of the date on which sentence was imposed and must set forth the grounds upon which he relies. (*People v. DeSoto* (1980), 84 Ill. App. 3d 226, 228, 405 N.E.2d 493.) Exceptions to a filing of a Rule 604(d) motion are made in situations where the trial court failed to properly admonish the defendant pursuant to Supreme Court Rule 605(b) (*People v. Gramlich* (1979), 69 Ill. App. 3d 23, 25, 386 N.E.2d 1171); or where the failure to file such a motion constituted ineffective assistance of counsel (*People v. Morguez* (1980), 90 Ill. App. 3d 471, 475, 413 N.E.2d 128). Otherwise, the defendant's filing a Rule 604(d) motion with the trial court is an indispensable prerequisite to our having jurisdiction to hear his appeal. *People v. Frey* (1977), 67 Ill. 2d 77, 85-86, 364 N.E.2d 46.

Appellant, arguing that his case falls within both exceptions, requests a remand so that he can "be afforded the opportunity to present his cause fully before the circuit court, an opportunity of which he was deprived by

the ineffective assistance of trial counsel and the confusing admonitions of the court itself." This latter assertion is without merit. The record confirms that the trial court's admonitions were not confusing, and that the judge's recitation of Rule 605(b) complied with statutory requisites fully apprising Newbolds of his rights.

■■■ Appellant's reliance on *People v. Pulley* and *People v. Meacham* (1977), 53 Ill. App. 3d 762, 368 N.E.2d 400, is also misplaced. Those cases stand for the proposition that failure to comply with Supreme Court Rule 604(d) may be excused where such failure was the fault of defendant's counsel rather than defendant. In *Meacham*, the attorney filed the notice of appeal without filing the motion to withdraw the guilty plea, apparently ignorant of the necessity of doing so. (*Meacham*, 53 Ill. App. 3d 763, 765.) In *Pulley*, the attorney made an oral motion to withdraw the guilty plea but never followed through with his written motion. (*Pulley*, 75 Ill. App. 3d 193, 194.) In each case, the record showed that the defendants had instructed their attorneys to appeal. The attorneys, not the defendants, were before the court attempting, albeit ineffectively, to perfect the appeals. It was their careless and improvident handling of the cases which led the court to conclude that the defendants had been inadequately represented. In contrast, the record here does not demonstrate that counsel mishandled the case, nor does it reveal that Newbolds ever communicated to counsel a timely decision to challenge the judgment. Newbolds did submit two affidavits to this court, his own and his cellmate's, each declaring that appellant told his attorney to appeal. However, we are unable to consider the affidavits as evidence because they are not part of the record. Oral and written evidence outside the record must be directed to the trial court before a reviewing court can consider it. (*People v. Frey* (1977), 67 Ill. 2d 77, 85, 364 N.E.2d 46.) Defendant should have allowed the trial court to examine the affidavits as possible bases for granting a motion to withdraw his guilty plea. Such evidentiary matter, properly submitted to the court of original jurisdiction, should not be addressed to a court of review which operates only on the record from the lower court. (*People v. Gambill* (1980), 91 Ill. App. 3d 302, 303, 414 N.E.2d 859.) Newbold's failure to follow the correct procedure precludes our taking affidavits into consideration. As a result, nothing exists to support his contention of ineffective assistance of counsel. There is no indication that the trial attorney either unintentionally or deliberately neglected his client. The mere charge that counsel failed to prosecute an appeal does not, by itself, constitute ineffective or inadequate representation. Since appellant's situation does not fall within either exception to the Rule 604(d) motion requirement, we have no jurisdiction to hear his appeal.

In so holding, we note that Mr. Newbolds had the opportunity to

plead not guilty and pursue his rights, but chose not to. He was present at the sentencing hearing and heard the court admonish him, pursuant to Supreme Court Rule 605(b), to abide by the various time constraints set forth in the rules. The judge issued instructions which appellant should have followed. Allowing him—at this stage of the proceedings—to have second thoughts about suffering the consequences of his plea contradicts the policy adhered to by the courts of this State (*i.e.*, achieving a measure of finality in the litigation process). (*People v. Frey* (1977), 67 Ill. 2d 77, 85-86.) For these reasons we hold that Mr. Newbolds' appeal should be dismissed.

Appeal dismissed.

JONES and WELCH, JJ., concur.