In re FRANK WALKER, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* FRANK WALKER, Respondent-Appellant.)

First District (5th Division)    No. 80-1210

Opinion filed December 28, 1981.

James J. Doherty, Public Defender, of Chicago (Frances G. Sowa, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Dean C. Morask, and Michael J. Kelly, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WILSON delivered the opinion of the court:

Defendant, a minor, entered an admission to the offense of murder, was found to be a delinquent minor, and was committed to the Illinois Department of Corrections until he reached 21. At the time of commitment, he was 15 years of age. He appeals, contending that his case should be remanded to the Juvenile Court to allow him to file a motion to withdraw his admission, pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1979, ch. 110A, par. 604(d)). The pertinent facts follow.

On October 22, 1979, a delinquency petition was filed alleging that on October 19, defendant "intentionally and knowingly shot and killed Edwin Sloss with a gun, without lawful justification, in violation of Chapter 38, Section 9—1(a)(1), Illinois Revised Statutes." On this date, the prosecution also filed a second petition seeking to transfer the minor to the adult jurisdiction. Private defense counsel was appointed on October 26 to represent defendant in this proceeding. Defendant's counsel, on November 25, advised the court that defendant wanted to withdraw his denial and enter an admission to the murder charge. Defendant's counsel told the court that he had advised defendant of the consequences of entering an admission. The arrangement to enter the admission was negotiated between defendant's counsel and the Assistant State's Attorney, but no agreement was reached as to disposition of the case, and therefore defendant's admission was an open plea. After defendant's denial was withdrawn, the court refused to enter the admission because defendant did not agree with the stipulation of facts read into the record by the prosecutor. Defendant testified that the stipulation was "half true and half

not true" and that the shooting of Sloss by his co-defendant Crisp may have been accidental.

On November 16, the case came before a different trial judge. Both defendant and co-defendant Crisp stated to the court that they wanted to enter admissions to murder. Defendant further stated that he understood that he had a right to a trial in which the prosecution had to prove him guilty beyond a reasonable doubt and that by admitting the charge there would be no trial. In addition, defendant was informed that based on his admission he could be sent to the Department of Corrections and held until he attained 21 years of age. The court did not inquire whether defendant had received any promises or threats pertaining to the admission. Thereafter, the prosecution withdrew its petition to transfer defendant to the adult jurisdiction.

The record discloses that it was stipulated between the parties that on October 19, defendant and co-defendant, Quinton Crisp, committed the offense of murder in that Gregory Baker encouraged and persuaded them to participate in the premeditated and intentional killing of a person known as "Flip" or Edwin "Slas" Sloss. In order to accomplish this, Baker obtained a rifle and instructed defendant and co-defendant Crisp in its use. Defendant, co-defendant Crisp and Baker then went to 87th and Essex with the intention of shooting either "Flip" or "Slas." While at that location, Baker saw "Slas" and defendant asked him "Are you still after me?" Defendant then displayed the rifle he had hidden under his coat and "Slas" grabbed defendant and started fighting. During the struggle, defendant dropped the rifle, co-defendant Crisp picked up the rifle, shot and killed "Slas," and then dropped the rifle. Baker thereafter hid the rifle.

After hearing the stipulation, the court inquired if both the attorney for defendant and co-defendant would stipulate that this would be the evidence if the witnesses were called to testify. Each attorney agreed with the stipulation on behalf of their respective defendants.

It was further stipulated that Officers Chapman and Mack would testify that they responded to a call of a man shot on 87th and Essex. Upon arrival, they found Edwin Sloss on the ground with a gunshot wound in his abdomen. He stated to them that he had been shot by "Quinton." Additionally, Doctor Choi determined that the cause of death was a gunshot wound of the abdomen.

Following the stipulation, the court entered a finding of delinquency and established a wardship.

A dispositional hearing was held on December 5, during which the following colloquy occurred between defense counsel, the judge, the prosecutor and defendant:

"Mr. Brennan [defense counsel]: Would you like to say something to the court concerning how you feel about the crime, how you feel about the future?

The Minor Respondent: About the crime, I didn't really mean—

Mr. Brennan: Speak up.

The Minor Respondent: I didn't really mean for nobody to get hurt. That is all I want to say. I wasn't intending for it to happen that way.

✻ ✻ ✻

The Court: There will be a commitment to the Department of Corrections ✻ ✻ ✻

You have the right to appeal from the court's decision. If you and your lawyer decide to appeal, you will be entitled to a transcript of the proceedings. Anything further?

Mr. Russo (prosecutor): Nothing further.

The Court: Court is adjourned."

Furthermore, during the disposition hearing the investigating probation officer recommended commitment to the Department of Corrections. After the court committed defendant to the Department of Corrections and advised him of his right to appeal, he was given a notice form of his right to appeal. The court failed, however, to inform defendant, either at the time the admission was entered, or at disposition that he had the obligation to file a motion to withdraw his admission, if he desired to appeal his commitment pursuant to Supreme Court Rule 605(b).

Approximately four months after the commitment, defendant's mother contacted the Public Defender's Office and stated that defendant desired to appeal. This court granted a motion for leave to file a late notice of appeal and appointed appellate counsel for defendant. Appellate counsel filed an affidavit stating that she interviewed defendant and he stated that his admission was entered under duress and that he never conspired to shoot Sloss and that Sloss was apparently shot accidentally by his co-defendant. No motion to withdraw his admission and vacate the judgment was filed by defendant.

OPINION

Defendant contends that he should be allowed to file a motion to withdraw his admission to murder because he was not advised by the trial court of his right or duty to do so pursuant to Supreme Court Rule 605(b) (73 Ill. 2d R. 605(b).) We agree. The State argues, however, that defendant's appeal should be dismissed for failure to comply with Rule 604(d). 73 Ill. 2d R. 604(d).

Supreme Court Rule 604(d) provides that a motion to withdraw a plea of guilty (admission) and to vacate the judgment is a condition

precedent to an appeal. (*People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254; *People v. Kinzer* (1978), 66 Ill. App. 3d 466, 384 N.E.2d 50.) Ordinarily the failure of the defendant to comply with the requirements of Supreme Court Rule 604(d) requires that the appeal be dismissed. (*People v. Schmidt* (1978), 59 Ill. App. 3d 762, 375 N.E.2d 1029.) Two exceptions exist to the foregoing rule: (1) where the trial court fails to give Rule 605(b) admonitions to defendant (*People v. Ryant* (1976), 41 Ill. App. 3d 273, 354 N.E.2d 395; *People v. Saldana* (1977), 53 Ill. App. 3d 636, 368 N.E.2d 1055; *People v. Gramlich* (1979), 69 Ill. App. 3d 23, 386 N.E.2d 1171); and (2) where the failure of counsel to file a Rule 604(d) motion to perfect the appeal constitutes ineffective assistance of counsel. *People v. Meacham* (1977), 53 Ill. App. 3d 762, 368 N.E.2d 400; *People v. Pulley* (1979), 75 Ill. App. 3d 193, 394 N.E.2d 47.

Applying the above-mentioned principles to the pending case, we conclude that the rationale of the *Ryant, Saldana* and *Gramlich* decisions is dispositive of the issue on appeal.

Supreme Court Rule 605(b) provides "In all cases in which a judgment is entered on a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows: (1) that he has a right to appeal; (2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion." 73 Ill. 2d R. 605(b).

■■ Here it is apparent that defendant was not advised by the court of his Rule 605(b) right to file a petition to withdraw his admission of guilt and to request that the disposition be vacated. Consequently, although defendant did not comply with Supreme Court Rule 605(b), we will not apply the bar to his appeal prescribed by Supreme Court Rule 604(d). 73 Ill. 2d R. 604(d); *Ryant*.

The prosecution posits that private defense counsel advised defendant of his right to withdraw his admission in 30 days. We hold this argument to be without merit because the record contains no basis for such speculation. Similarly, without merit is the prosecution's somewhat amorphous argument that defendant's notice of appeal, which was filed after the 30-day time limit and allowed by this court, excuses the trial court's failure to comply with Rule 605(b). Furthermore, it is probable that defendant's ignorance of his right to withdraw his admission discouraged him from filing an appeal within 30 days. Additionally, since the 30-day limitation for filing a motion to withdraw the admission had expired at the time the late notice of appeal was granted, appellate counsel was precluded from filing the motion.

Finally, the prosecution contends that we may properly consider the

appeal on its merits without directing a remand to the trial court for its consideration of a motion to vacate the disposition below and withdraw admission. We reject this contention. Moreover, *People v. Lundeen* (1977), 55 Ill. App. 3d 799, 801, 371 N.E.2d 329, cited by the prosecution, lends no support to its position. In *Lundeen* the substantive basis for review of the error claimed was apparent in the record of appeal and had been fully briefed by both parties. The court opined that it was in a position to review the case without an unnecessary remand.

■■ By contrast, in this case, appellate counsel has advised us that the basis for defendant's seeking to withdraw his admission is that he was under duress, which condition is outside the record. We, therefore, cannot decide the merits of the appeal from the disposition of the trial court. *People v. Saldana.*

Accordingly, the prosecution's motion to dismiss the appeal is denied and the cause is remanded to the trial court with directions to permit defendant to file a motion to withdraw his admission within 30 days from the return of this case on remand and to thereafter proceed in accordance with Supreme Court Rule 604(d).

Remanded.

LORENZ and MEJDA, JJ., concur.