THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOUGLAS HARDWICK, Defendant-Appellant.

(No. 12539;

Fourth District—October 31, 1974.

Phillip D. Moore, of Jerseyville, for appellant.

No appearance for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant appeals from an order of the circuit court of Jersey County revoking his probation and transferring him to the custody of the Illinois Department of Corrections, Juvenile Division. Defendant raises the following issues: (1) Whether the trial court erred in continuing the hearing on probation revocation without giving proper notice, (2) Whether the trial court erred in permitting the State to amend the probation revocation petition without giving defendant proper notice or proper time to prepare a defense, (3) Whether additional probation-revocation charges can be placed against defendant after the initial petition to revoke is filed, (4) Whether the court erred in allowing the State to present its case at the probation-revocation hearing piecemeal and not in proper sequence, and (5) Whether the court erred in allowing the introduction of evidence regarding an illegal search and seizure.

The State's Attorney in this case has neither filed a brief nor argued the cause in this court. Therefore, review of the merits of the issues raised by defendant would necessitate this court assuming the position of being an advocate for one party contrary to well established principles of judicial review. *People v. Dossett,* 7 Ill.App.3d 696, 288 N.E.2d 518 (4th Dist.); *People v. Holland,* 11 Ill.App.3d 416, 296 N.E.2d 864;

*People v. French*, 9 Ill.App.3d 797, 293 N.E.2d 136; and *People v. Spinelli*, 83 Ill.App.2d 391, 227 N.E.2d 779.

Accordingly, the order of the circuit court of Jersey county revoking defendant's probation is reversed pro forma, and the cause is remanded for a new probation-revocation hearing.

Reversed and remanded.

SMITH, P. J., and TRAPP, J., concur.