THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VERHNAL MERRILL, Defendant-Appellant.

(No. 74-255;

Fifth District—April 10, 1975.

Stephen P. Hurley and Michael J. Rosborough, of State Appellate Defender's Office, of Mount Vernon, for appellant.

John Reznick, State's Attorney, of Vandalia, for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Fayette County finding the defendant guilty of the offense of criminal damage to property (in excess of $150), burglary and two counts of misdemeanor theft. The judgment was entered pursuant to the defendant's pleas of guilty, after waiving counsel. The trial court imposed sentences of 1 to 3 years for criminal damage to property, 1 to 3 years for burglary and 1 year for each of the misdemeanor theft convictions. All sentences were to run concurrently.

The clerk of the circuit court received a letter from the defendant 14 days after the sentences were imposed. It was alleged in the letter that the defendant pled guilty only because he had been informed that he would be placed on probation if he did so.

The defendant contends on appeal that the trial court erred in failing to interpret the letter as a motion to withdraw the guilty pleas. He also contends that the punishment imposed was excessive and that the conviction of theft as charged in criminal complaint No. 74-CF-22 should be reversed. The latter contention is based upon the allegation that the theft conviction is based upon the same conduct as is the burglary conviction.

■■■ The defendant filed his brief in timely fashion. No brief has been filed on behalf of the People, no extension of time for filing a brief has been sought, and the brief is long overdue. It is well settled that when an appellee fails to file a brief, the appellate court may, in its discretion, grant the relief requested by the appellant with no discussion of the merits. (*People v. Smith,* 22 Ill.App.3d 117, 319 N.E.2d 300; *People v. Hardwick,* 23 Ill.App.3d 332, 318 N.E.2d 640; *People v. French,* 9 Ill.App.3d 797, 293 N.E.2d 136.) We find it proper to apply that rule in the instant case.

Accordingly, the judgment and conviction for the offense of theft as charged in criminal complaint No. 74-CF-22 are reversed. The case is remanded with directions that the trial court construe the letter written by the defendant as a motion to withdraw the pleas of guilty to the other three charges. If the trial court denies the motion to withdraw the guilty pleas, another sentencing hearing should be held.

Reversed in part; remanded with directions.

EBERSPACHER and CARTER, JJ., concur.