THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN STOJETZ, Defendant-Appellant.

Fifth District   No. 76-126

Opinion filed February 24, 1977.

206

Michael J. Rosborough and A. Michael Kopec, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

John Stojetz, defendant-appellant, appeals from an order of the circuit court filed on February 23, 1976, denying his motion to withdraw his plea of guilty to a charge of armed robbery.

Stojetz and Allen Miller were indicted for armed robbery on July 31, 1975. The charge was based on an incident that took place on June 15, 1975, at 1:30 a.m., in a tavern in Granite City known as Doc's Lounge. The two co-indictees entered the tavern and announced that they were "holding the place up." Stojetz demanded money from the barmaid while Miller stood at the door and held a gun. The next evening they were arrested and brought in to the Granite City police station. After being advised of his rights, Stojetz admitted his participation in the robbery and admitted that he had obtained the gun used in the incident from an acquaintance. At his arraignment on August 6, 1975, Stojetz pleaded not guilty.

On October 8, 1975, after a jury was impaneled, defendant changed his plea to guilty. The court advised him of the rights he was waiving and thoroughly questioned him on his understanding of his guilty plea and the possible consequences of it. After ascertaining that a factual basis for the plea existed and that the defendant understood the charge against him, the court accepted the plea.

At the hearing in aggravation and mitigation on November 14, 1975, the court considered the presentence report and listened to a plea for leniency by the defendant. The court sentenced the defendant to imprisonment for a term of not less than four years nor more than eight years.

On January 26, 1976, defendant filed a motion to withdraw his guilty plea and vacate the judgment. This motion was not accompanied by affidavits, and several false allegations were made in the motion.

The motion was heard on February 23, 1976. Defendant testified that he was under the impression that both he and Miller would be treated the same and receive comparable sentences. On cross-examination defendant admitted that he was aware that the State was going to recommend to the court a sentence of four to eight years. The court asked the defendant if he got what he bargained for and the defendant answered in the affirmative. The court denied the motion and defendant appealed.

It is the opinion of this court that we lack the jurisdiction to hear this appeal.

■■ Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)), governs appeals from judgments entered upon pleas of guilty. The relevant portions of that statute are as follows:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment."

This language clearly requires the defendant to move swiftly to preserve his right to appeal. Defendant in this case waited more than two months after sentencing to file his motion to withdraw his guilty plea, and he cannot complain that he had no notice of the 30-day requirement (as he falsely alleged in his belated motion). The trial court properly advised defendant of his rights in compliance with Supreme Court Rule 605(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 605(b)), one part of the advice being the time limitation. Lapse of more than 30 days from imposition of sentence divested the trial court of jurisdiction to entertain the motion to vacate defendant's guilty plea, or to adjudicate the merits thereof. Even though the prosecution made no objections to the motion to withdraw as not being timely filed, the trial court cannot waive this objection and assume jurisdiction.

■■ Even if defendant had filed the proper motions and affidavits within the time period he would have failed in his appeal by virtue of the last sentence of Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)). That statute specifically states that any issue not raised in the motion to withdraw the plea of guilty shall be deemed to have been waived. Defendant on appeal wanted to argue that he was ineffectively

represented by counsel due to a conflict of interest in counsel's representing two co-indictees. This issue was not raised in defendant's belated motion to withdraw the plea of guilty and it would not be properly before this court even if the motion had been timely filed.

For the foregoing reasons this appeal is dismissed.

Dismissed.

JONES and G. MORAN, JJ., concur.