THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND WILLIAMS, Defendant-Appellant.

First District (5th Division)   No. 76-1098

Opinion filed September 30, 1977.

Zelma Berger, of Reilley, Bell & Weinberg, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Marva W. Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant Raymond Williams was indicted for the offense of armed robbery and entered a negotiated plea of guilty to the lesser included offense of robbery. (Ill. Rev. Stat. 1973, ch. 38, pars. 18—2 and 18—1.) He was sentenced to a term of 3 to 9 years in the penitentiary. Defendant's subsequent motion to withdraw the plea of guilty and vacate the judgment thereon was denied.

On appeal, defendant contends: (1) that his motion for a continuance to secure new counsel was improperly denied, forcing him to plead guilty or proceed to trial with a lawyer he mistrusted; and (2) that the sentence imposed upon the negotiated plea was excessive.

We dismiss this appeal for want of jurisdiction and therefore do not reach the contentions raised by the defendant.

Defendant entered the plea of guilty on November 13, 1975, at which time the negotiated sentence of 3 to 9 years was imposed. The trial court admonished the defendant that he had a right to file within 30 days a motion to withdraw the plea and vacate the judgment in accordance with Supreme Court Rule 604(d), and also admonished defendant in compliance with the remaining requirements of Supreme Court Rule 605(b). (Ill. Rev. Stat. 1975, ch. 110A, pars. 604(d) and 605(b).) Apparently at the request of defendant's counsel, the court also entered a "stay of execution" of the sentence until December 1, 1975, to enable defendant to settle his personal affairs before being taken into custody.

Defendant, by counsel other than the attorney who had represented him at and prior to the change of plea, filed a motion to withdraw the plea of guilty and vacate the judgment entered thereon. At a hearing held on April 29, 1976, a question arose as to the date on which the motion had been filed. Defendant's counsel stated that the motion was filed on December 29, 1975; that the "stay of execution" of the sentence by the trial court to December 1, 1975, tolled the running of the 30-day limitation period prescribed by Supreme Court Rule 604(d) for the filing of such motion; and that, therefore, the motion was timely filed on December 29 within 30 days from December 1, 1975. The trial court agreed with defendant's counsel. Following a hearing defendant's motion was denied.

Although defendant's counsel represented to the trial court that the motion to withdraw and vacate had been filed on December 29, 1975, the common law record on appeal discloses that the motion was stamped as being filed on January 29, 1976. The half sheets contained in the instant record fail to bear any date on which the motion was filed. Therefore, it is not necessary to here consider whether the half sheets may be properly employed in the instant case. Compare *In re Shannon* (1977), 45 Ill. App. 3d 876, 360 N.E.2d 433, and Ill. Rev. Stat. 1975, ch. 110A, par. 807.

OPINION

■■ Neither party has raised any question as to the jurisdiction of the trial court or of this court to entertain the subject matter in light of the filing requirements in Supreme Court Rule 604(d). Nonetheless, it is our duty before proceeding with the appeal to consider the question of jurisdiction even though it is not raised or contested by the parties. *Guttman v. Schiller* (1961), 23 Ill. 2d 323, 178 N.E.2d 387; *Clark v. State Police Merit Board* (1972), 5 Ill. App. 3d 332, 282 N.E.2d 220.

Supreme Court Rule 604(d) in pertinent part provides:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. * * *."

■■ Whether determined from the common law record or from the representations of defendant's trial counsel, it is clear that the instant motion was filed beyond the 30-day limitation period prescribed by the above rule. Contrary to defense counsel's assertions, the "stay of execution" entered by the trial court did not postpone imposition of the sentence until December 1, 1975, nor did it toll the running of the 30-day limitation period from November 13, 1975. The granting of time by the trial court to defendant to settle his personal affairs before serving his sentence was not unlike the procedure in Supreme Court Rule 609(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 609(b)) relating to bail and stay of sentence pending appeal, and in no manner interrupted the running of the period within which to test the propriety of the judgment.

■■ The lapse of more than 30 days from imposition of sentence divested the trial court of jurisdiction to entertain defendant's motion to vacate his guilty plea, or to adjudicate the merits thereof. Even though the prosecution made no objection that the motion to withdraw was not timely filed, the trial court could not waive the objection and thereby assume jurisdiction. *People v. Stojetz* (1977), 46 Ill. App. 3d 205, 360 N.E.2d 1139.

In the recent case of *People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46, the supreme court upheld dismissals of appeals by the appellate courts on

the ground that the respective defendants had failed to comply with the 30-day filing provision of Rule 604(d) after having been advised of such requirement by the trial courts upon acceptance of their respective pleas of guilty. The supreme court noted that occasions might arise where the 30-day limitation period should be extended upon proper application by the defendant and for good cause shown, but that no such application was made in the cases there under consideration. As in *Frey*, defendant in the instant case was admonished as to the 30-day limitation period and further failed to secure an extension of that period.

For the reasons stated, we are without jurisdiction to entertain this appeal. Therefore, the appeal is dismissed.

Appeal dismissed.

SULLIVAN, P. J., and LORENZ, J., concur.