THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEANDER PARKS, Defendant-Appellant.

First District (4th Division)    No. 76-1626

Opinion filed November 17, 1977.

James Geis and Richard Steck, both of State Appellate Defender's Office, of Chicago, for appellant.

968

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Michael E. Shabat, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Leander Parks, appeals from an order of the circuit court of Cook County denying his request to vacate his negotiated plea of guilty to voluntary manslaughter. Defendant argues that the record does not show he received effective assistance of appointed counsel on his motion to withdraw.

Defendant was indicted for murder. (Ill. Rev. Stat. 1973, ch. 38, par. 9—1.) On May 17, 1976, defendant, represented by appointed counsel other than the public defender of Cook County, entered a negotiated plea of guilty to voluntary manslaughter (Ill. Rev. Stat. 1973, ch. 38, par. 9—2) and, in accordance with an agreement with the State, he was sentenced to 6 to 18 years to the Illinois Department of Corrections. Such plea was in accord with Supreme Court Rule 402. (Ill. Rev. Stat. 1975, ch. 110A, par. 402.) On May 25, 1976, a letter from the defendant to the trial judge seeking to withdraw the plea was filed. The trial court treated this letter as a motion to vacate and appointed the public defender to represent the defendant.

On June 17, 1976, defendant filed a *pro se* "Motion to Vacate Plea of Guilty," setting forth that his plea was not voluntary because his will was "overborne" by the court bailiff and other disturbing influences, including the effects of a sleepless night; that bail was never set prior to trial; and that he was under heavy medication and had been drinking at the time the offense allegedly occurred. An additional motion to vacate was filed by appointed counsel on September 1, 1976, setting forth that defendant was not adequately advised of the nature of the charges against him; that defendant did not knowingly and understandingly waive his right against self-incrimination; and that defendant "in general" did not, at the time of entering his plea, "realize the full consequences of that act." The trial court denied the motion to vacate.

■■ ■ We first consider the State's contention that the appeal is untimely because no motion to vacate the plea was filed within 30 days as required by Supreme Court Rule 604(d). (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).) Such a motion is jurisdictional. (*People v. Frey* (1977), 67 Ill. 2d 77, 85, 364 N.E.2d 46; *People v. Williams* (1977), 53 Ill. App. 3d 335, 368 N.E.2d 706.) On May 25, 1976, a letter from defendant to the trial court was filed in which defendant unequivocally sought to vacate the plea entered on May 17, 1976. The court properly treated this letter as a motion to vacate and appointed counsel as contemplated by Rule 604(d). (*Cf. People v. Merrill* (1975), 27 Ill. App. 3d 403, 404, 327 N.E.2d 266.) Defendant, therefore, did comply with the requirements of Rule 604(d)

and his appeal from the subsequent denial of the motion to vacate was timely.

Defendant advances his claim of a denial of effective assistance of counsel during the proceedings relating to his motion to vacate the guilty plea because the public defender did not substantially comply with the requirements of Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) pertaining to the duties of counsel appointed to represent indigent defendants in such circumstances.

Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) provides in pertinent part:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

Defendant relies on *People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105. In *Norris,* the office of the public defender represented the accused both at the guilty plea and on the motion to vacate the guilty plea. Norris' *Pro se* motion to vacate the guilty plea set forth allegations that he was unfairly persuaded to plead guilty because the assistant public defender failed to develop and explore the possibilities of an alibi defense. Norris did not have a good relationship with counsel, and the court refused to permit counsel to withdraw and to appoint a new attorney. Emphasizing the "inherent conflict of interest" confronting the public defender's office when one assistant charges that another assistant incompetently represented the accused, this court reversed and remanded. We stated:

> "In view of counsel's conflict of interest, the denial of defendant's motion to withdraw his plea and to vacate judgment was erroneous. We remand the cause and direct the trial court to appoint counsel other than the public defender, and to thereafter require such counsel to file the certificate in compliance with Rule 604(d) as a condition precedent to ruling on the motion. (*People v. Moore* (4th Dist. 1976), 45 Ill. App. 3d 570, 359 N.E.2d 1065.) Once the certificate has been filed, the trial court may weigh the motion from the State of the record at that time. If sufficient facts are then alleged in support of defendant's motion, the court should conduct an evidentiary hearing. The record at that time, however, may also reveal that an evidentiary hearing is unnecessary." *People v. Norris* (1977), 46 Ill. App. 3d 536, 542.

The court in *Norris* held that a certificate pursuant to Supreme Court Rule 604(d) was required, but substantial compliance would be enough in some cases. The State in the present case contends there was substantial compliance with Rule 604(d).

■■ At the hearing on the motion to vacate the guilty plea, the assistant public defender stated explicitly that he had read the report of proceedings of the guilty plea. Having done so, counsel felt the main error he could detect was that defendant was not adequately admonished that he was waiving his right against self-incrimination; hence, such an allegation was inserted in the motion to vacate. The colloquy between the assistant public defender and the defendant at the hearing also reveals that counsel had consulted with defendant. Counsel alluded to defendant's allegation that "he was not fully in a proper mental frame of mind" and did not realize the full consequences of his plea. At the hearing, defendant replied that this was correct. The amended petition filed by counsel reflects these contentions of defendant. The record here shows there was substantial compliance with the provisions of Supreme Court Rule 604(d), and that the assistant public defender had no conflict of interest, since other counsel represented defendant at the guilty plea. *People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105, therefore, is not controlling, and defendant received adequate representation. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and ROMITI, J., concur.