THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LEE C. TAYLOR, Defendant-Appellant.
First District (5th Division)   No. 77-413 through 77-415 cons.

Opinion filed January 20, 1978.

Ralph Ruebner and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Myra J. Brown, and Alan D. Lyons, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant, Lee C. Taylor, appeals from an order of the circuit court denying his motion to vacate his previously entered negotiated guilty pleas to attempt armed robbery and two separate robberies. (Ill. Rev. Stat. 1973, ch. 38, pars. 8—4 and 18—1.) Defendant was sentenced to concurrent terms of one to eight years. The threshhold consideration in these consolidated appeals is whether this court has jurisdiction to consider the correctness of the trial court's denial.

We dismiss defendant's appeals.

On August 6, 1975, defendant entered negotiated guilty pleas to the above offenses before Judge Albert Porter and judgments were entered. Examination of the proceedings show the pleas were entered in full compliance with Supreme Court Rule 402. (Ill. Rev. Stat. 1975, ch. 110A, par. 402.) In addition the trial court informed defendant that before he might appeal he must file a motion in the trial court within 30 days to vacate the guilty pleas, that counsel could be appointed to aid him if defendant were indigent, and that transcripts would also be provided.

The court informed defendant that his failure to seek vacature of the pleas would preclude a direct appeal of the matter. This admonishment was in substantial compliance with Supreme Court Rules 604(d) and 605(b). (Ill. Rev. Stat. 1975, ch. 110A, pars. 604(d) and 605(b).) Without filing a motion to vacate the pleas as instructed by the trial court, defendant thereafter filed *pro se* notices of appeal dated September 5, 1975, from the judgments entered upon his guilty pleas.

The records indicate that counsel for appeal was appointed on September 11, 1975, but delay in perfecting the appeals is unexplained. On November 30, 1976, almost 15 months after the notices of appeal were filed, defendant appeared before Judge Porter and there conferred with an assistant appellate defender whom defendant had requested to appear. While unable to represent defendant because of the posture of the case, the appellate defender did inform the court of defendant's desire to continue the matter until January 1977, at which point defendant would file a motion to vacate his guilty pleas. Counsel stated that defendant desired to have the motion to vacate considered as timely filed, and the court responded that would not be a problem. The cause was then continued until January 12, 1977.

On the next date defendant appeared before Judge William Cousins, instead of Judge Porter. However, the record does not set forth any reason for this change of judges. The cause was then continued for a week to allow an assistant public defender to review the case and aid defendant.

Thereafter defendant's *pro se* motion to vacate his guilty pleas was presented to Judge Cousins, during which proceeding an assistant appellate defender apparently advised defendant. The motion which was allowed to be filed as a supplement to the record by order of this court discloses that it was executed by defendant on January 9, 1977. It states that defendant "freely plead guilty" to the offenses although he was innocent; that his court-appointed counsel did not make adequate effort to locate defense witnesses; and that he was advised by his parents that two complainants had "dropped all charges" before entry of the guilty pleas, and the State had not so informed him.

When defendant's case was again presented to Judge Cousins on January 26, 1977, an assistant public defender appeared and was requested by the court to assist defendant's preparation of an appellate record on his prior notices of appeal. The trial court, after a brief discussion, denied the motion to vacate the guilty pleas. The record on appeal, as well as the supplements to the record, do not show defendant filed a notice of appeal after denial of his motion to vacate the guilty pleas.

The State has filed a motion to dismiss these appeals because defendant did not file a timely motion to vacate the guilty pleas in accord with Supreme Court Rule 604(d). We took this motion with the case pending consideration of the records on appeal. Our decision here is predicated on two bases.

OPINION

■■  Initially, we note that none of the records show that a notice of appeal was filed after a denial of defendant's motion to vacate his guilty pleas on January 26, 1977. Supreme Court Rule 604(d) states, in part:

> " * * * If the motion [to vacate the guilty plea] is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in Rule 606, measured from the date of entry of the order denying the motion." (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).)

Supreme Court Rule 606 provides that only the filing of a notice of appeal is jurisdictional, and such notice must be filed within 30 days of the determination from which the appeal is taken. Extensions of time of up to six months may thereafter be made to this court to file a late notice of appeal. (Ill. Rev. Stat. 1975, ch. 110A, par. 606; see *People v. Williams* (1974), 59 Ill. 2d 243, 320 N.E.2d 13.) However, no efforts appear to have been made to file a timely notice of appeal in the circuit court after the denial of defendant's motion to vacate or for leave to file a late notice of appeal in this court. (See *People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254.) We conclude this court is without jurisdiction to consider the correctness of the denial of the motion to vacate the guilty pleas.

■■  Alternatively, the trial court lacked jurisdiction to consider defendant's motion to vacate the guilty pleas because defendant did not file a timely motion to vacate the pleas. Defendant's action in filing such motion is jurisdictional. (*People v. Williams* (1977), 53 Ill. App. 3d 335, 368 N.E.2d 706; *People v. Parks* (1977), 54 Ill. App. 3d 967, 369 N.E.2d 1373; see *People v. Stojetz* (1977), 46 Ill. App. 3d 205, 360 N.E.2d 1139.) Defendant was properly advised of the necessity of such procedure and indicated his understanding thereof. Yet the record establishes that a substantial period elapsed between his guilty pleas and his initiation of efforts to vacate the pleas. While under proper circumstances the trial court may extend time in which to file such motion, defendant in this case filed intervening notices of appeal from the guilty pleas. Under comparable circumstances our supreme court has affirmed dismissal of direct appeals. (*People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46.) In *Frey*, as here, defendant's plight was of his own making. Further, the court in *Frey* noted that there must be a finality to litigation, and acts must

32

be performed within the time limits set by law. See also *People v. Stacey.* Accordingly, defendant's appeals are dismissed.

Appeals dismissed.

SULLIVAN, P. J., and WILSON, J., concur.