THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JESSE HARVEY, Defendant-Appellant.

First District (1st Division)   No. 78-1799

Opinion filed October 1, 1979.—Rehearing denied October 29, 1979.

Ralph Ruebner and Susan Bandes, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Jesse Harvey (defendant) was indicted on two counts of theft (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1)) and two counts of unlawful possession of a stolen motor vehicle. (Ill. Rev. Stat. 1973, ch. 95½, par. 4—103(a).) Upon his plea of guilty, he was sentenced to 2 to 6 years. Within 30 days, he filed a letter accompanied by a notice of appeal. After a hearing, the trial court denied this apparent effort to vacate the guilty plea. Defendant appeals.

The record shows defendant was arraigned on April 22, 1975. He pleaded not guilty. On June 28, 1977, defendant appeared in court represented by the public defender. Defendant asked leave of court to change his plea to guilty under each count of the indictment. The trial judge carefully admonished defendant as to the significance of the change of plea in accordance with the applicable Rule. (Ill. Rev. Stat. 1977, ch. 110A, par. 402.) The defendant persisted in his plea of guilty and the matter was continued for further proceedings.

However, the record shows that the guilty plea was withdrawn in due course. The defendant was then represented by private counsel. Selection of a jury was commenced on January 12, 1978. On the following day, defendant and his counsel asked for a conference. After expressing some doubts about the situation, the trial court conferred with defendant, his counsel and the State's Attorney. Defendant by his counsel asked leave to withdraw his plea of not guilty once more and for leave to enter a plea of guilty as to both indictments. The trial judge again gave defendant a full and complete admonition regarding the nature and effect of a plea of guilty and the possible consequences thereof. The trial judge once more complied with Rule 402. He specifically asked if force or threats had been used against defendant to cause him to plead guilty. Defendant answered negatively. As a result of the conference, an agreement was reached for concurrent sentences of 2 to 6 years on the offenses of theft with a nolle prosequi on the offenses of unlawful possession.

At this point defendant requested a conference with his attorney. After a "long protracted conversation" defendant announced that he wished to go to trial. Defendant's counsel verified this. The trial court then proceeded with selection of the entire jury.

Thereafter, before trial commenced, the court stated that defense counsel had advised the court that the defendant wished to enter a plea of guilty. The trial court once more carefully admonished defendant regarding the significance of the plea, the possible consequences thereof, and the mental state of the defendant regarding his willingness to enter the plea. Defendant once more told the court that no threats or promises had been made to cause him to enter the plea. Defendant reaffirmed his understanding of what the consequences of the plea would be. The same plea agreement above noted was again stated by defendant's counsel. The parties then proceeded in open court to stipulate to the facts concerning the truth of the allegations of both indictments. The defendant by his counsel waived presentence investigation. The trial court entered sentence of 2 to 6 years as agreed.

The trial court admonished the defendant that if defendant believed that the finding, judgment or sentence was erroneous or improperly entered, defendant had 30 days to file a written motion to vacate the

judgment. The defendant was told that this motion should contain each and every reason for the defendant's belief. The trial court told defendant that a verbatim transcript and legal services and assistance for preparing such a motion were his for the asking without cost. Defendant informed the court that he understood these admonitions.

On February 10, 1978, within 30 days after sentence, the defendant filed pro se a notice of appeal together with a two-page handwritten letter. The letter referred to the trial judge as "a State Attorney Judge" without direct knowledge of criminal law. It stated that the judge appointed an attorney who had no interest in defendant's case. The letter added that defendant was "rushed" into a plea bargaining session on the grounds that if he did not plead guilty, he would be given more than 2 to 6 years. Defendant only saw his attorney four times and he spoke to the lawyer for 45 minutes all told. His defense was the grand jury minutes which were never produced. Without the grand jury minutes defendant was not ready for trial. Defendant was harassed by the judge and his rights were violated because he was obliged to get up at 5 a.m. in order to go to court. This letter did not state that defendant was desirous of withdrawing his guilty plea. The trial court conducted a complete hearing on April 17, 1978. Defendant was represented by the public defender. Counsel for defendant argued a motion to vacate the judgment and withdraw the plea of guilty. The trial judge had previously entered an order granting leave to defendant to file his notice of appeal. The State moved the trial court to vacate this order for lack of a sufficient motion to vacate the plea of guilty. The trial court concluded that the letter filed by the defendant was not a sufficient motion to vacate the judgment and withdraw the guilty plea.

In our opinion, the instant case is governed by *People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46. It is correct that in *Frey* the motion to withdraw the plea was made more than 30 days after the conviction. In the case before us, the letter filed by defendant on February 10, 1978, was filed within 30 days of the entry of judgment. However, we conclude that the letter does not and cannot qualify as a motion to vacate the plea. Considering the background of the situation and the various changes in plea made at the request of the defendant, we are satisfied that no injustice was done by the last refusal of the trial court to permit another change of plea.

■■■ As the supreme court pointed out in *Frey*, a letter of this type does not conform to the requirements of Rule 604(d) because the factual allegations are not supported by affidavit and the letter does not request a withdrawal of the plea (*Frey*, 67 Ill. 2d 77, 83). In addition, as specifically pointed out in *Frey*, the trial court in the instant case carefully admonished defendant that he was entitled to legal services without charge but defendant rejected this offer and instead elected to prepare his

own notice of appeal and his own letter. The Rule is clear that the notice of appeal should not and may not be filed until after the trial court had passed upon his motion to vacate. Ill. Rev. Stat. 1977, ch. 110A, par. 604(d).

In our opinion the cases relied upon by defendant are not applicable here:

*People v. Goff* (1978), 57 Ill. App. 3d 384, 373 N.E.2d 71. Defendant there filed no notice of appeal but only a letter written by him in which he specifically prayed for a new trial. The appellate court held that this letter should be considered as a motion to vacate but the motion was denied. We reach the same ultimate result in the instant case.

*People v. Parks* (1977), 54 Ill. App. 3d 967, 369 N.E.2d 1373, *appeal denied* (1978), 71 Ill. 2d 604. The defendant there also wrote a letter in which he set forth fairly strong reasons which raised the question as to the voluntary nature of his plea. Also this letter directly sought to withdraw the plea of guilty. This court affirmed denial by the trial court of the motion to vacate because the motion lacked substance.

*People v. Merrill* (1975), 27 Ill. App. 3d 403, 327 N.E.2d 266. Defendant there wrote a letter in which he stated he was induced to plead guilty by the representation that he would be placed on probation if he did so. The letter also contained the charge of excess punishment. This court stressed the fact that no brief had been filed in behalf of the People. Also, the grounds stated in the defendant's letter are far stronger than in the case at bar.

A careful consideration of the record before us discloses that the defendant changed both his mind and his plea on several occasions. Further, in all fairness, the letter, even if treated as a proper motion, fails to show any reason for granting leave once more to withdraw the guilty plea. The letter contains charges against the trial judge which are not supported by the record. It also contains conclusions such as that defendant was "rushed" into pleading guilty. These statements, insufficient as they are, are further weakened by the fact that defendant more than once assured the trial court that no threats or promises had been made to cause him to plead guilty and assured the court that he, the defendant, had a full and complete understanding of all the careful admonitions given and repeated by the patient trial judge. In short, we find no legal merit in the letter even if it be considered as a proper motion under the applicable Rule.

The judgment appealed from is therefore affirmed.

Affirmed.

McGLOON and O'CONNOR, JJ., concur.