THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JESSE LEE JAMES, Defendant-Appellant.

THIRD District   No. 79-870

Opinion filed May 9, 1980.

Robert Agostinelli and Karen Szpajer, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The defendant, 18-year-old Jesse Lee James, appeals from a judgment of the Circuit Court revoking his probation and from the sentence imposed.

The defendant was arrested on September 12, 1978, and charged with burglary and the theft of a television valued at under $150. On January 30, 1979, he pleaded guilty to the charge of misdemeanor theft (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1)) and the charge of burglary was rendered *nolle prosequi*. He was sentenced to one year probation plus a $500 fine (and $218.45 in costs). On May 25, 1979, he was arrested for burglary and the theft of stereo equipment valued at over $150. Pursuant to a plea negotiation, it was agreed that the defendant would plead guilty to theft (a Class 3 felony) and to violation of his probation. In turn, the prosecution would issue a *nolle prosequi* on the burglary charge and recommend a 53-day concurrent sentence for the violation of probation. On July 3, 1979, the defendant was sentenced to 30 months' probation, with 90 days to be spent in incarceration in the Kankakee County detention center. He was credited with 37 days already served since his arrest, thus leaving 53 days of custody yet to be served.

On August 3, 1979, the court convened to determine whether the defendant had violated the probation to which he had been sentenced for his 1978 misdemeanor theft conviction. It was a condition of his probation that the defendant commit no more crimes during the probationary period. On August 3, the defendant's counsel confessed that the defendant had violated the terms of his probation and told the court that the prosecutor had agreed that, as part of the negotiation by which the defendant pleaded guilty to the 1979 felony theft, the prosecution would recommend a sentence of 53 days in the county detention center, to run concurrently with the incarceration imposed for the 1979 felony theft. The prosecutor agreed that this had been the result of the negotiation. The judge then admonished the defendant, in accordance with Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402), of the rights which he would give up by pleading guilty. The defendant seemed somewhat confused by the maximum sentence to which he could be subjected if found in violation of his probation, but that confusion appeared to abate.

In response to several of the judge's questions, the defendant answered affirmatively, indicating that he wished to give up his right to a hearing and wished to plead guilty. The judge then explained that the prosecution has the burden of proof and that the defendant has the right to call witnesses and to cross-examine the prosecution's witnesses. He then said, "When you plead guilty you give up those rights. Is that what you want to do?" The defendant replied, "No, sir." The judge then noted for the record that the defendant apparently did not understand the nature of his rights. Defense counsel asked, "[S]hould we have a competency hearing?" to which the judge responded, "I don't know." Defense counsel asked for a recess, which was granted. The judge then spoke for the record: "On motion of the Defendant cause is recessed to Monday at 9:30 at which time if I am not satisfied he was just confused and it is cleared up I will set it for hearing."

On August 6, 1979, court reconvened. The defense counsel again attempted to enter a guilty plea. He explained that the defendant had indicated to him that he understood "what was going on". When asked by the court, "All right, Mr. James, do you understand what is going on here?" the defendant replied, "Not really." All present then agreed that a hearing on the issue of probation violation was in order. Defense counsel said they should hold it immediately, as there was little of substance to raise in such a hearing. The prosecutor, however, requested a recess until the return from a seminar of the prosecutor who was present when the defendant pleaded guilty to the felony theft charge. On August 10, 1979, the cause again came before the court. The defendant's counsel raised the point that "the proof is somewhat simplistic" and again tried to enter a plea of guilty. He explained that the defendant had been confused by the two cases against him, the felony theft case and the instant probation revocation proceeding, but he now understood what was going on and wished to plead guilty.

In response to the judge's questioning, the defendant assured the court that he now understood what was going on. However, the court found that "one out of three isn't very good" and proceeded with the hearing. The proof was, as defendant's counsel stated, somewhat simplistic. The State called the assistant State's Attorney who had prosecuted Mr. James for felony theft and elicited from him the testimony that Mr. James had pleaded guilty to that charge. The prosecution then introduced a record of that guilty plea. The defense did not cross-examine, did not challenge the exhibit, and did not introduce any evidence. The court then found the defendant guilty of having violated his probation. The court asked the prosecution for a recommendation as to sentence. The prosecutor replied that, at one time, there had been an agreement, but because the defendant "did not confess

the petition or did not confess it satisfactorily" and "we proved our case," the prosecution would make no recommendation as to sentence. Subsequently, a sentencing hearing was held and the defendant was sentenced to 364 days' incarceration in an institution other than a penitentiary, with no credit given for time spent on probation, but with 22 days' credit for time spent in custody. Appeal bond was set.

■■ The defendant's first contention on appeal is that the court erred in not ordering a hearing to determine whether the defendant was fit to plead guilty to the charge of probation violation. The fitness standard is the same for a plea of guilty as for standing trial. (*People v. Heral* 1976), 62 Ill. 2d 329, 334, 342 N.E.2d 34.) Fitness for trial consists of two qualities enumerated in the Unified Code of Corrections: the ability to understand the nature and purpose of the proceedings and the ability to assist in one's defense. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—1(a).) When a bona fide doubt of the defendant's fitness to stand trial or be sentenced is raised, the court shall order that a determination of that question be made before further proceedings. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—1(c).) The question of fitness may be raised by the State, the defendant or the court. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—1(b).) Whether a bona fide doubt has been raised is a decision resting largely within the discretion of the trial court. *People v. Murphy* (1978), 72 Ill. 2d 421, 431, 381 N.E.2d 677.

There is not necessarily a congruence between a finding that a criminal defendant did not knowingly and voluntarily waive his right to trial and a finding that there exists a bona fide doubt as to fitness such as to require a hearing on that issue. However, from the record before us, it is apparent that the trial judge himself held a doubt as to the defendant's ability to understand the nature and purpose of the proceedings. The statute governing fitness to stand trial is quite liberal in its directive that a court shall hold a fitness inquiry, before continuing with the proceedings, whenever a bona fide doubt is raised.

■ No formal motion is required of the defendant. The question may be "raised" by the State, the defendant or the court. Here the question was raised by the defendant and the court replied by expressing its doubt on the matter. The court did not err in waiting to see if such doubt could be dispelled by the defendant himself demonstrating that his confusion was temporary. (See *People v. Franklin* (1971), 48 Ill. 2d 254, 269 N.E.2d 479.) When, however, the defendant indicated on August 6 that he still did not understand what was going on, and no inquiry was made into the source of his confusion, it was manifest that the doubt raised was not dispelled. Consequently, the statute required that the court suspend proceedings and conduct a fitness hearing.

■■ ■ We, therefore, vacate the judgment finding the defendant in

violation of his probation and remand the cause for rehearing. A doubt as to fitness at some point in the past does not equate to a doubt as to fitness on another occasion in the future. Therefore, we do not order a fitness hearing. Instead, we instruct the court to again hold a session for the purpose of recording the defendant's plea on the charge of probation violation. Should the defendant again wish to plead guilty, the court should again admonish him of his rights, as required under Supreme Court Rule 402. We note that Rule 402 does not require the reading of its admonitions in the form of whole paragraphs, consisting of the recitation of multiple rights all in one breath. It is proper for a court to clarify points about which a defendant might be confused and to attempt to relieve the defendant of his confusion. (See *People v. Franklin* (1971), 48 Ill. 2d 254, 269 N.E.2d 479). The record indicates that the defendant is a slow learner, and the court should take cognizance of this fact when communicating with him concerning his rights. Clearly, limited mental capacity is not sufficient of itself to raise a bona fide doubt of defendant's fitness. *People v. Murphy* (1978), 72 Ill. 2d 421, 432, 381 N.E.2d 677.

The defendant partially performed his obligation under the plea agreement by pleading guilty to the count of felony theft. Should the defendant again wish to plead guilty, and should the court accept such a plea, the defendant will have fulfilled all of his obligations under the plea agreement. The prosecution would then be bound to specifically perform its obligation under the plea agreement and recommend to the court a sentence of 53 days' confinement to run concurrently with the defendant's incarceration for felony theft. *Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495; *People v. Mitchell* (1970), 46 Ill. 2d 133, 262 N.E.2d 915.

Sentence was imposed after the holding of a sentencing hearing. The progress of the hearing and the evidence adduced therein was influenced by the failure of the prosecution to make the agreed-upon sentencing recommendation. Evidence in mitigation and aggravation was heard which might otherwise have been kept from the proceedings, had the prosecution made its sentencing recommendation. Because such evidence might have proved detrimental to the defendant, we agree with him that it would be best if the cause were heard by a different judge upon remand.

■ The defendant contends that revoking probation on the basis of conviction for another crime constitutes double jeopardy. We recently dealt with this issue in *People v. Ward* (1980), 80 Ill. App. 3d 253, 399 N.E.2d 728. As we noted there, a sentence of probation is unconditional. One of the conditions imposed is that the defendant commit no new crimes during the probationary period. The defendant violated this condition, as evidenced by his plea of guilty to felony theft. He was,

therefore, resentenced for the crime of misdemeanor theft, the original crime for which he had been sentenced to probation. Such resentencing, consistent with the original conditional sentence of probation, is not equivalent to placing the defendant again in jeopardy for the crime of felony theft. It is merely a permissible modification of the sentence originally imposed for the crime of misdemeanor theft. The prohibition against double jeopardy was not thereby violated.

For the reasons indicated, the judgment of the Circuit Court of Kankakee County is reversed and the cause remanded for proceedings consistent with this opinion.

Reversed and remanded.

SCOTT and BARRY, JJ., concur.