THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CALVIN GREEN, Defendant-Appellant.

First District (3rd Division)   No. 81—1731

Opinion filed August 3, 1983.

Steven Clark and Karen Daniel, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, David A. Stoioff, and Stephen Erhard Eberhardt, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant Calvin Green appeals from the conviction and 25-year prison sentence he received on November 3, 1980, after pleading guilty to charges of murder, armed violence and armed robbery. His guilty plea was made and accepted after he had received all the required admonishments. Sentence was entered on the murder charge only. On December 4, 1980, defendant signed a notarized motion to withdraw his guilty plea and an affidavit. This motion was filed *pro se* in the circuit court on December 8, 1980. The public defender of Cook County was appointed to represent defendant. A motion to withdraw as attorney for defendant by the assistant public defender assigned to the case was denied by the trial court. After defendant's motion to withdraw his guilty plea was amended, the trial court dismissed the motion because it had not been timely filed.

The issues on appeal are whether the defendant's failure to timely file a motion to withdraw his guilty plea should be excused, whether

he was denied the effective assistance of counsel in presenting his motion and whether there was a *bona fide* doubt of his fitness to plead guilty.

On January 18, 1979, Herman Davis, Jr., was found shot and buried in a snowdrift in Dixmoor, Illinois. On February 4, 1979, defendant's codefendant, James Miller, made a statement confessing to his participation in this murder. On February 8, 1979, defendant also made a complete statement of his participation in this crime. At the time of this incident, defendant was 17 years of age.

Pursuant to a request by the assistant public defender representing defendant, an examination was made by a doctor from a psychiatric institute of the circuit court of Cook County. A report issued by a staff psychiatrist on February 15, 1980, found defendant unfit to stand trial because he was unable to cooperate with counsel. The report stated defendant was suffering from a "Depressive Reaction" and that he had shown some psychomotor retardation. The report further stated defendant had thoughts of suicide, heard voices calling his name and he believed people were talking about him. The psychiatrist concluded defendant should be fit within one year and requested the statements made to the police and another visit with defendant.

Two weeks later the same staff psychiatrist found defendant mentally fit for trial. This report stated defendant "understands the nature of the charge pending against him, the purpose of the proceedings against him, and is able to cooperate with counsel in his own defense." The report also concluded that defendant was legally sane at the time of the incident and able to appreciate the criminality of the alleged offense. This report did not refer to the prior report and thus did not explain any reasons for the change in opinion.

Approximately six months later, on August 21, 1980, defendant and his codefendant pleaded guilty to the charges of murder, armed violence and armed robbery. The trial court admonished both individuals in accordance with Supreme Court Rule 402(a) (87 Ill. 2d R. 402(a)). Sentencing occurred on November 3, 1980.

■ A motion to withdraw a plea of guilty and vacate the judgment must be filed in the trial court within 30 days of the date on which sentence was imposed. (87 Ill. 2d R. 604(d); *People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46.) Generally, the lapse of more than 30 days from the imposition of sentence divests the trial court of jurisdiction to entertain the motion. (*People v. Williams* (1977), 53 Ill. App. 3d 335, 368 N.E.2d 706.) Exceptions to a filing of a motion under Supreme Court Rule 604(d) have been made where the trial court failed to properly admonish the defendant pursuant to Supreme Court

Rule 605(b) (87 Ill. 2d R. 605(b); *People v. Gramlich* (1979), 69 Ill. App. 3d 23, 386 N.E.2d 1171) and where the failure to file such a motion constituted ineffective assistance of counsel (*People v. Morguez* (1980), 90 Ill. App. 3d 471, 413 N.E.2d 128). See *People v. Newbolds* (1981), 98 Ill. App. 3d 1018, 425 N.E.2d 9.

Defendant recognizes these exceptions and argues that the circumstances presented here are similar because he lacked the mental capacity to comply with Rule 604(d) and also because he had ineffective trial counsel. In order to determine whether defendant's situation would warrant an exception to the 30-day limit on Rule 604(d), we will examine the merits of his arguments.

First is the question whether he was unfit to stand trial and enter a plea. He contends that there was a *bona fide* doubt raised as to his fitness as a result of the first psychiatric report finding him unfit. Defendant claims the trial court was obligated *sua sponte* to order a fitness hearing once a *bona fide* doubt arose as to his fitness to stand trial. See *People v. Korycki* (1970), 45 Ill. 2d 87, 256 N.E.2d 798.

Due process is violated when an accused is required to stand trial or plead when he is not competent to do so. (*Pate v. Robinson* (1966), 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836; *People v. Davis* (1978), 65 Ill. App. 3d 580, 382 N.E.2d 594, *appeal denied* (1979), 72 Ill. 2d 583.) Fitness for trial consists of the ability to understand the nature and purpose of the proceedings and the ability to assist in one's own defense. (Ill. Rev. Stat. 1981, ch. 38, par. 104—10; see *People v. James* (1980), 83 Ill. App. 3d 1078, 404 N.E.2d 1088.) Whether a *bona fide* doubt has been raised is a decision resting largely within the discretion of the trial court. *People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677; *People v. James.*

The second psychiatric report concluded that defendant was fit to stand trial. Defendant discounts the value of this report since it was stated in conclusory terms and did not explain the original report. While this report minimally comports, if at all, with the statutory requirements (Ill. Rev. Stat. 1981, ch. 38, par. 104—15(a)), it does reflect the conclusion of the staff psychiatrist that defendant was fit for trial and able to cooperate with counsel in his own defense.

"A doubt as to fitness at some point in the past does not equate to a doubt as to fitness on another occasion in the future." (*People v. James* (1980), 83 Ill. App. 3d 1078, 1082.) The mere fact that a defendant has suffered some mental disturbance or required psychiatric treatment does not necessarily raise a *bona fide* doubt as to his ability to understand the nature and purpose of the proceedings or to assist in his defense. (*People v. Davis* (1978), 65 Ill. App. 3d 580,

589, citing *People v. Richeson* (1962), 24 Ill. 2d 182, 181 N.E.2d 170, and *Withers v. People* (1961), 23 Ill. 2d 131, 177 N.E.2d 203.) This principle would be applicable where a defendant manifests to the court and to his counsel a coherence and lucidity inconsistent with a claim of unfitness. *People v. Davis* (1978), 65 Ill. App. 3d 580, 589.

The transcript of the plea hearing in this case reveals defendant was aware of the proceeding and its nature. The trial court thoroughly explained the rights of defendant and the consequences of a guilty plea. Defendant manifested an understanding of these explanations. The transcript shows defendant, in a lucid manner, asked for further explanation of the right to a jury trial. After a more detailed explanation by the trial court, defendant indicated he understood he was waiving that right by entering a plea of guilty.

Defendant relies on *People v. Harris* (1983), 113 Ill. App. 3d 663, 447 N.E.2d 941, in which the court held that the only psychiatric report (in the form of the second report in the case at bar) did not comport with requirements of section 104—15(a)(1) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 104—15(a)(1)). This case is distinguishable on its facts. In *Harris*, the trial court was informed at a sentencing hearing that defendant was not present because he had eaten some metal and glass and had attempted suicide. The presentence investigation also revealed Harris had a history of treatment at the Chicago Mental Health Clinic as a child and two years of in-patient care at the Read-Zone Center. The psychiatric report was also apparently made the same morning as the sentencing hearing.

In the case at bar, the second psychiatric report, made two weeks after the first report, was made six months prior to defendant's plea of guilty. There was no report of prior psychiatric care. Moreover, nothing in defendant's behavior in court, as reflected in the record, or in his background raised any issue of his competence to plead guilty. We find nothing to indicate an abuse of discretion by the trial court in not ordering a fitness hearing.

Defendant next argues he did not receive effective assistance of counsel on his late motion to withdraw the guilty plea. He contends the appointed counsel, an assistant public defender, did not vigorously pursue the motion because it claimed incompetence on the part of the original public defender who represented him during the plea negotiations and final plea of guilty. (See *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169.) Indeed, after being appointed, the assistant public defender tendered to the trial court a motion to withdraw as counsel since defendant's *pro se* motion was alleging the incompe-

tence of his prior counsel, also a public defender.

While there is a natural inclination for a public defender's office to protect its reputation against charges of incompetence, a defendant does not have an absolute right to appointment of a nonpublic defender. (*People v. Smith* (1967), 37 Ill. 2d 622, 623-24.) A case-by-case inquiry should be made, rather than applying a *per se* rule of disqualification of a public defender's office when a conflict arises. *People v. Miller* (1980), 79 Ill. 2d 454, 462, 404 N.E.2d 199; see also *People v. Robinson* (1979), 79 Ill. 2d 147, 402 N.E.2d 157; *People v. Walton* (1979), 78 Ill. 2d 197, 399 N.E.2d 588.

■ We disagree with defendant's assertion that he was denied effective assistance of counsel. First, defendant's *pro se* motion was not timely filed. As stated above, a lapse of 30 days divests the trial court of jurisdiction to entertain a motion to vacate a plea of guilty or "to adjudicate the merits thereof." (*People v. Stojetz* (1977), 46 Ill. App. 3d 205, 207, 360 N.E.2d 1139.) Thus, defendant's argument in this regard would have merit only if the alleged ineffective assistance of counsel actually prevented him from making a timely filing of his motion. (See *People v. Brownell* (1980), 86 Ill. App. 3d 697, 408 N.E.2d 304, *appeal denied* (1980), 81 Ill. 2d 603; *People v. Meacham* (1977), 53 Ill. App. 3d 762, 368 N.E.2d 400, *appeal denied* (1978), 67 Ill. 2d 594; *People v. Morguez.*) No such allegation or inference is made in the record before us.

Secondly, we feel the public defender's office could have properly represented defendant on the merits if there had been a hearing on the motion. The attorney against whom defendant directs his original claims of incompetence left the public defender's office during his representation of defendant. This occurred after the plea of guilty was made and before the sentencing hearing. Counsel did maintain the attorney-client relationship through the sentencing hearing. Given the situation at the time of defendant's post-conviction motion, we feel the public defender's office would have been able to fulfill its obligation as an advocate for the interests of defendant and avoid any inclination to protect its reputation against charges of incompetency. *Cf. People v. Smith.*

For the foregoing reasons, we affirm the decision of the trial court dismissing as untimely defendant's motion to withdraw his guilty plea.

Affirmed.

RIZZI and WHITE, JJ., concur.